Winthrop P. FARNSWORTH; James P. Frey; Joseph M. Nethercott; John H. Allen; and Cindy S. Allen, Plaintiffs–Appellants,

v.

TOWN OF PINEDALE, WYOMING, a Municipal Corporation; Thomas V. Delgado, Individually and in his Capacity as Mayor of the Town of Pinedale; Harvey Pfisterer, Individually and in his Capacity as Pinedale Town Councilman; and James McLellan, Individually and in his Capacity as Pinedale Town Councilman, Defendants–Appellees.

No. 90–8117.

United States Court of Appeals, Tenth Circuit.

July 7, 1992.

L.B. Cozzens of Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont. (William L. Simpson of Simpson, Kepler & Edwards, Cody, Wyo., with him on the briefs), for plaintiffs-appellants.

Jeffrey A. Donnell (John W. Davis, with him on the briefs), of Davis, Donnell, Worrall & Bancroft, Worland, Wyo., for defendants-appellees.

Before McKAY, Chief Judge, BARRETT, and BRORBY, Circuit Judges.

McKAY, Chief Judge.

Appellants are all former employees of the Town of Pinedale, Wyoming. In May of 1988, Appellee Thomas Delgado was elected mayor and Appellees James McLellan and Harvey Pfisterer were elected as non-incumbent City Councilmen of the Town of Pinedale. Mayor Delgado was elected to a two-year term while Councilmen McLellan and Pfisterer were elected to four-year terms. During the campaign, Appellees promised voters that they would make sweeping changes to the town government in order to eliminate bureaucracy and unnecessary spending. Part of this pledge included an expressed intention to eliminate the local police department in order to save the town money. Immediately upon taking office, Appellees implemented many of their campaign promises. By a 3–2 vote, in which the Appellees united to provide the majority, the town council revoked previously adopted personnel policies, chose not to reappoint Appellants Winthrop Farnsworth, Cindy Allen, and John Allen to their respective positions as Chief of Police, City Clerk/Treasurer, and Supervisor of Public Works, and disbanded the local police force, resulting in the elimination of Appellants Joseph Nethercott's and James Frey's positions as police officers.

Appellants brought suit on May 14, 1990, in federal district court, alleging they had a protected property right in continued employment by virtue of personnel policies originally adopted by the Town of Pinedale in 1969. Appellants claimed that Appellees had violated their constitutionally protected property rights in employment by terminating them without due process in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiffs also brought various other state law claims. On September 13, 1990, Appellees filed a Motion for Summary Judgment. This motion was granted by the district court as to the federal claims on November 30, 1990. Because the federal claims were dismissed, the district court dismissed the state law claims as well. Shortly thereafter, Appellants filed a notice of appeal to this court.

On appeal, Appellants claim that the district court improperly granted the motion for summary judgment as to all Appellants. This court reviews such a grant of summary judgment de novo. *Hydro Conduit Corp. v. American–First Title & Trust Co.*, 808 F.2d 712, 714 (10th Cir.1986). In reviewing the motion for summary judgment we must examine all evidence in the light most favorable to the non-moving party. *Manders v. Oklahoma ex rel. Dep't of Mental Health*, 875 F.2d 263, 264 (10th Cir.1989) (citing *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981)).

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Under 56(c), the moving party first must show "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the moving party is able to so show, the burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. This showing by the non-moving party must be supported by more than mere allegations or denials in the pleadings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Instead, the non-moving party must present sufficient evidence on which a jury could reasonably find for the non-moving party. *Id.* at 251, 106 S.Ct. at 2511.

■ Appellants assert that the district court erred in granting the motion for summary judgment because the court incorrectly interpreted Wyoming Statute § 15–2–102 (Supp.1991) as allowing an incoming mayor to refuse to reappoint certain town employees upon expiration of the previous mayoral term. Appellants also claim that there were questions of fact which should have precluded summary judgment on the § 1983 claims of plaintiffs James Frey and Joseph Nethercott. Appellants contend they made a sufficient showing that the police department was eliminated as a pretext for firing Mr. Frey and Mr. Nethercott without good cause and that this showing was sufficient to overcome a motion for summary judgment.

Thus, the two key issues in this case are: (1) whether an incoming mayor has the option to reappoint the Chief of Police, the Town Clerk/Treasurer, and the Supervisor of Public Works upon expiration of the previous mayoral term, and (2) whether Appellants supplied sufficient factual support to preclude summary judgment on their claim that Appellees' elimination of the police department was a mere pretext

for firing Appellants James Frey and Joseph Nethercott.

As the basis for their civil rights claims, Appellants assert that they each had a protected property interest in continued employment which was violated when Appellees terminated Appellants' employment without due process of law. A constitutionally protected property interest in employment is recognized in certain situations. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Such property interests are not created by the Constitution. "Rather, they are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those beliefs." *Id.* at 577, 92 S.Ct. at 2709.

The two sources which define Appellants' property interest in this case are the Wyoming statute governing a mayor's and town council's appointment and removal power, Wyo.Stat. § 15–2–102 (Supp.1991), and the Town of Pinedale's personnel policies. Wyoming Statute § 15–2–102 provides in relevant part:

(a) The officers of a town are a mayor and four (4) councilmen, all of whom shall be elected. The clerk, treasurer, marshal, attorney, municipal judge and department heads as specified by ordinance shall be appointed by the mayor with the consent of the governing body and may be removed by the mayor. All other appointments, except the appointment of members of a board or commission, and removals shall be made by the mayor without consent of the governing body, unless consent is required by separate statute....

(b) The governing body, by ordinance or resolution, may specify conditions for any office or position to which a person is appointed under this section including: ... (iii) Term of appointment; (iv) Requirements for: (A) Promotion; (B) Suspension; and (C) Hearing of appeals from decision of the mayor to remove or discharge an appointee other than mem-

bers of a board or commission, after which the governing body may affirm, modify or reverse the mayor's decision; and (v) other matters which are part of the personnel policies of the town.

The relevant portions of the personnel policies of the Town of Pinedale are (1) that the Mayor may only remove town employees for good cause, (2) employees successfully completing a one-year probationary period are granted career status, and (3) the mayor and town council may lay off town employees due to lack of funds. Sections 1–3, Town of Pinedale Employee Policies (originally adopted in 1969, substantially amended in 1983, readopted in 1987, and repealed June 1, 1988).

Appellants Winthrop Farnsworth, John Allen, and Cindy Allen assert that their protected property interest in continued employment stems from section 15–2–102(b)'s grant of authority to the town council to establish the terms of appointment for Appellants' offices. It is undisputed that the personnel policies of the Town of Pinedale provided career status for town employees such as Appellants.[1] This status guaranteed Appellants that they could only be fired for good cause. However, section 15–2–102(a) provides the mayor and town council with the authority to appoint and remove, *inter alia*, the clerk, the treasurer, and all department heads. Appellees were acting within the scope of this statute when they decided to appoint others to take the places of Cindy Allen, who had been the town clerk/treasurer, and John Allen and Winthrop Farnsworth, who had both been department heads.

The question that necessarily arises is whether a town council may establish terms of appointment which exceed their own terms of office, thus effectively binding future administrations to their actions. This presents a clear conflict between the two subsections of section 15–2–102. Wyoming law dictates that when such a conflict exists, the statute must not be construed in a manner which would render any portion of it meaningless. *Story v. State,* 755 P.2d 228, 231 (Wyo.1988). Were we to hold that section 15–2–102(b) allows a town council to establish employment terms for town employees in a manner which prevents an incoming mayor from exercising his or her power to appoint the town officials named in section 15–2–102(a), then subsection (a) would be rendered meaningless.[2] In addition, such a reading of the statute would contravene the important public policy of allowing a duly elected chief executive, upon taking office, to appoint individuals of his or her own choosing to certain key positions. *See Dickeson v. Quarberg,* 844 F.2d 1435, 1439 (10th Cir.1988); *Carlson v. Bratton,* 681 P.2d 1333, 1335–37 (Wyo. 1984).

Appellants John Allen, Cindy Allen, and Winthrop Farnsworth possessed a constitutionally protected property right in continued employment. However, that right extended only until the end of their term of office, at which time the incoming mayor and town council had the option to replace them by the authority granted by Wyoming Statute § 15–2–102(a). The mayor and the town council chose to exercise that option.

Therefore, we hold that it was a proper exercise of Appellees' authority to refuse to reappoint Appellants John Allen, Cindy Allen, and Winthrop Farnsworth to their respective positions.[3] Consequently, we

1. There is some indication in the record that plaintiff John Allen was only a "probationary employee" at the time his employment with the town ceased. This constitutes an additional limitation on his property right in employment. However, our disposition of the case renders this issue moot.

2. We note that our interpretation of the statute does not render subsection (b) meaningless. The town council still has the authority to establish employment policies consistent with subsection (b) so long as the actions of the town council do not prevent an incoming mayor from exercising his right to appoint individuals to certain policy-making positions upon taking office.

3. The record reflects that Cindy Allen and Winthrop Farnsworth were reappointed to their positions as prior mayors took office. Cindy Allen Dep., Appellee Supp., at 280–85, 288–91, 295. This suggests that the plaintiffs were aware that the mayor had the right to refuse to reappoint them under the town's personnel policies. Thus, the "career status" promised town em-

AFFIRM the district court's decision to grant summary judgment as to these three Appellants' claims because their constitutionally protected property right in continued employment ceased upon the election of the new mayor and town council.

 Appellants James Frey and Joseph Nethercott claim that their constitutionally protected property right in continued employment was violated when the mayor and town council eliminated the police department, thereby terminating their employment with the town. Like the other Appellants in this case, Mr. Frey's and Mr. Nethercott's property rights are shaped by section 15–2–102 and the Town of Pinedale's personnel policies. However, the key question presented is not whether the Appellees had the right to terminate the employment of Mr. Frey and Mr. Nethercott without due process but whether the Appellees could eliminate the town police department, thereby terminating the employment of the members of that department without making a showing of good cause as required by the town's personnel policies.

Appellees assert that the police department was eliminated for financial reasons. Indeed, Appellees have stated that the primary reason for their decision to run for office and the basis of their campaign was to save the town money by reducing costs. Stevens Dep., Appellee Supp., at 193; Delgado Dep., Appellee Supp., at 208, 210, 215–19; Pfisterer Dep., Appellee Supp., at 275–77. Following the elimination of the town police department, the mayor and town council contracted with the county for police protection. The parties do not dispute that this action resulted in a savings to the town of over $300,000 during the mayor's two-year term of office.

Instead of disputing Appellees' claims of a financial motive, Appellants assert that fiscal concerns are a pretext and that personal animosity between Appellees and Appellants led to the elimination of the police department. Appellants set forth in their brief several incidents tending to show that Mr. Delgado did not like Chief of Police Winthrop Farnsworth. Appellants also allege that Mr. Nethercott was in disfavor with Mr. Delgado because of prior investigations conducted by Mr. Nethercott implicating Mr. Delgado or members of his family in participating in various types of potentially illegal or unsavory activities. Finally, Appellants allege that Mr. Delgado told Mr. Frey following the elimination of the police department that he could have a job "if he would come around to Mr. Delgado's way of thinking and support his political views...." Appellant's Brief at 18. Even when viewed in a light most favorable to Appellants, we do not perceive these allegations sufficient to allow a reasonable jury to conclude that the elimination of the police department was pretextual in light of the financial savings which were realized and the fact that Appellees were simply fulfilling publicly made campaign promises. Therefore, we AFFIRM the district court's grant of summary judgment as to the remaining plaintiffs in this case.

AFFIRMED.

ployees by the personnel policies did have this

recognized limitation.