**Roland SMITH, Appellant (Plaintiff),**

v.

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SUBLETTE; Sublette County Sheriff Jack N. Cain, in his official capacity; and Jack N. Cain, personally, Appellees (Defendants).**

No. 94–45.

Supreme Court of Wyoming.

March 9, 1995.

Ken M. McLaughlin, Pinedale, for appellant.

Sara E. Van Genderen and R. Michael Mullikin of Mullikin, Larson & Swift, Jackson, for appellees Bd. of County Com'rs, Sublette County, and Sublette County Sheriff Jack N. Cain in his official capacity.

Jeffrey A. Donnell of Davis, Donnell, Worrall & Bancroft, Worland, for appellee Jack N. Cain personally.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant, a former deputy sheriff who voluntarily resigned following the placement of a letter of reprimand in his personnel file, appeals the trial court's order granting summary judgment to the Sublette County Sheriff and the Sublette County Commissioners on his due process and equal protection violation claims. Appellant also challenges the trial court's entry of summary judgment against his claim that the county wrongfully denied him compensation for the overtime and mileage expenses he incurred traveling to and from his duty station.

We affirm.

## ISSUES

Appellant presents the following issues for our review:

I. Did the district court err in granting summary judgment to appellees regarding appellant's claims for violation of his right to equal protection of law?

II. Did the district court err in granting summary judgment to appellees regarding appellant's claims for violation of his right to due process of law?

III. Did the district court err in granting summary judgment to appellees regarding appellant's claims for overtime and mileage incurred in traveling to and from his duty station?

## FACTS

Appellant, Roland Smith (Smith), was first appointed deputy sheriff in 1986 by Sublette County Sheriff Slatter. Following the 1986 election, appellee, Sheriff Jack Cain (Cain), reappointed Smith to the position of deputy sheriff. Smith and three other employees of the Sublette County Sheriff's Office unsuccessfully opposed Cain in his 1990 bid for re-election, and Smith continued in his position as deputy sheriff under Cain after the 1990 election.

In July, 1991, Cain reorganized the Sublette County Sheriff's Office, resulting in the elimination of Smith's position in rural patrol. Cain subsequently offered two deputies, Smith being one of them, the option of accepting a position at the Big Piney/Marbleton duty station or being terminated. Smith lived in Pinedale, the county seat, but opted to work at the Big Piney/Marbleton station, requiring him to commute seventy miles round trip. Cain informed Smith, when he accepted the assignment in Big Piney, that Smith would have to use his own vehicle and commute on his own time, as would the other deputy who accepted the Big Piney/Marbleton assignment.

On December 31, 1991, Cain informed Smith, by letter, that Cain had ordered an investigation of Smith for alleged misuse of county telephones. The letter further informed Smith that he would be suspended from patrol duty while the investigation was ongoing. Smith was assigned to detention and other non-patrol duties during his suspension and continued to receive his regular pay and benefits.

Upon receiving the letter advising him of the investigation, Smith became ill and requested sick leave which was granted for the remainder of his shift. Later that evening, while still on sick leave, Smith went to a bar where he drank until two or three o'clock the next morning. Smith incorrectly logged this time on his time sheet as holiday leave, rather than sick leave.

On February 2, 1992, Cain issued to Smith a letter of reprimand which was being placed in Smith's personnel file. The letter cited four grounds for the reprimand: misuse of county telephones, misuse of sick leave and falsification of time sheets (relating to the December 31, 1991 incident), and inappropriate conduct in a public place. The letter of reprimand contained a form on which Smith could acknowledge receiving the letter and on which he could respond in writing to the matters alleged. Smith refused to sign or write anything and was returned to regular duty on February 2, 1992.

After receiving the letter of reprimand, Smith filed a petition for hearing under the Wyoming Administrative Procedures Act and the Sublette County Sheriff's Department regulations. On February 24, 1992, Cain issued a letter denying the petition for hearing. On September 25, 1992, Smith filed a complaint against Cain, personally and in his official capacity as sheriff, and against the Board of County Commissioners of Sublette County alleging numerous claims, including violations of Smith's rights to due process and equal protection of the law and wrongful refusal to compensate Smith for his expenses incurred in traveling to and from his work station.

On January 11, 1994, the trial court issued an order granting summary judgment on all counts to appellees Cain and the Board of County Commissioners. This appeal followed.

## DISCUSSION

1. *Standard of Review*

Summary judgment is proper only when no genuine issues of material fact exist

and the prevailing party is entitled to judgment as a matter of law. WYO.R.CIV.P. 56(c). This Court reviews a summary judgment in the same light as the trial court, using the same materials. *Mountain Cement Co. v. Johnson*, 884 P.2d 30, 32 (Wyo.1994). We examine the record from the vantage point most favorable to the party opposing the motion, affording that party the benefit of all favorable inferences which may fairly be drawn from the record. *Mountain Cement Co.*, 884 P.2d at 32.

■ A motion for summary judgment places an initial burden upon the movant to make a prima facie showing that no genuine issues of material fact exist. *Boehm v. Cody Country Chamber of Commerce*, 748 P.2d 704, 710 (Wyo.1987). Once the movant makes that initial showing, the burden shifts to the nonmovant to present specific facts showing that genuine issues of fact do exist. *Boehm*, 748 P.2d at 710.

### 2. *Equal Protection Claims*

■ Smith's complaint set forth three causes of action premised upon equal protection violations. The three claims were based upon Cain's alleged disparate enforcement of Sublette County Sheriff's Office regulations and upon the alleged disparate compensation of travel expenses. Smith contends his opposition of Cain in his 1990 bid for re-election motivated Cain's disparate treatment of him.

■ This Court has held that an equal protection violation requires the claimant to demonstrate that "the state has made a classification that treats similarly situated people differently and that the classification is not rationally related to a legitimate state end." *Kautza v. City of Cody*, 812 P.2d 143, 147 (Wyo.1991) (citing *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982)). When a fundamental right is involved in the classification, we apply a strict scrutiny analysis which requires a showing that the classification is necessary to achieve a compelling state interest. *Kautza*, 812 P.2d at 147; *Washakie Co. Sch. Dist. No. 1 v. Herschler*, 606 P.2d 310, 333 (Wyo.1980), *cert. denied* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980).

In *Kautza*, this Court found the complainant had failed to allege a classification and had thus failed to sufficiently state an equal protection claim. *Kautza*, 812 P.2d at 147. Smith likewise failed in his complaint to allege any type of classification, suspect or otherwise. On appeal, though, Smith has clarified somewhat his position and has alleged that the classification is based upon the exercise of his fundamental right to seek elected office.

Smith cites no direct authority for his proposition that the right to seek elected office is a fundamental right. However, we need not reach that question. We find that Smith, as the nonmovant, failed to carry his burden of demonstrating the existence of a question of fact concerning his classification based upon the exercise of his right to seek elected office.

In support of their motions for summary judgment, Cain and the County Commissioners presented, as evidence that the alleged classification did not exist, Smith's deposition testimony that he had no personal knowledge that Cain's treatment of Smith was motivated by a desire for revenge. Smith submitted no evidence in opposition to his own testimony; he contends his lack of personal knowledge did not resolve the question because he pointed out in his deposition testimony that others did have knowledge of Cain's motivations.

We do not find Smith's argument persuasive. This court has held that "the evidence that is relied upon to sustain or defeat a motion for summary judgment must be such as would be admissible at trial." *Equality Bank v. Suomi*, 836 P.2d 325, 330 (Wyo. 1992). Smith, therefore, could not rely upon hearsay to defeat the summary judgment motion; he could have, however, presented competent evidence in the form of affidavits or deposition testimony by individuals with personal knowledge of Cain's motivations. In light of Smith's failure to present competent evidence in opposition to the motion for summary judgment, we uphold the trial court's entry of summary judgment on the equal protection claims.

### 3. *Due Process Claims*

In his complaint, Smith alleged several violations of his right to due process arising from Sheriff Cain's failure to provide notice of the allegations against him and an opportunity to be heard. Smith acknowledges that to establish a violation of his due process rights, he must show the deprivation of a protected property or liberty interest. *See Farnsworth v. Town of Pinedale*, 968 F.2d 1054, 1056 (10th Cir.1992).

Smith contends that placement of the letter of reprimand in his personnel file jeopardized his continued employment with the Sublette County Sheriff's Office because any future disciplinary action would result in his automatic suspension or termination. Smith argues that because the letter of reprimand placed him at risk of subsequent deprivation, his property interest in continued employment was implicated and he was entitled to notice and an opportunity to be heard.

■ Because we find Smith's due process claims moot, we need not decide whether the placement of the letter of reprimand in Smith's personnel file implicated a protected property interest. A question is moot "when it presents no actual controversy or where the issues have ceased to exist." BLACK'S LAW DICTIONARY 909 (5th Ed.1979). This court will not consume its time deciding moot questions and will dismiss issues on appeal which are moot. *Northern Utilities v. Public Serv. Comm'n*, 617 P.2d 1079, 1085 (Wyo.1980).

Smith's complaint requested as relief, not damages, but removal of the letter from Smith's file to prevent his automatic suspension or termination upon further discipline. Because Smith has since voluntarily resigned from his position with the Sublette County Sheriff's Office, the letter no longer creates the risk of subsequent deprivation of Smith's employment with that office. Whether a due process violation existed or not, the relief requested is no longer necessary. We thus dismiss Smith's due process claims as moot.

### 4. *Overtime and Mileage Expenditures*

■ In his final claim of error, Smith contends the trial court erred in entering summary judgment against him on requests for payment of overtime and mileage. Smith claims WYO.STAT. § 18–3–110 entitles him to reimbursement for his expenses incurred in commuting to and from his work station in Big Piney.

WYO.STAT. § 18–3–110 (Supp.1994) provides:

> Any county officer whose official duties require him to travel away from the county seat shall be reimbursed by the county for his actual and necessary traveling expenses and mileage as provided by W.S. 9–16 [§ 9–3–103]. No officer requesting mileage expenses shall claim additional transportation expense. The board of county commissioners shall not allow payment for traveling expenses unless there are receipts for all monies expended.

We affirm the trial court's entry of summary judgment without determining whether this provision addresses itself to expenses incurred in commuting between home and work. The provision applies only to expenses incurred by a county officer. In specifying the bond each county officer must execute, WYO.STAT. § 18–3–102 (Supp.1994) lists all county officers. WYO.STAT. § 18–3–102 does not designate a deputy sheriff as a county officer. Because Smith was not a county officer, he was not entitled to reimbursement of any expenses under WYO.STAT. § 18–3–110 and the trial court properly entered summary judgment against him on his claim under that provision.

### CONCLUSION

The decision of the trial court is affirmed.