2009 WY 87

**Gordon J. CUBBA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0244.

Supreme Court of Wyoming.

July 7, 2009.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Gordon Cubba appeals the district court's denial of his motion to correct a clerical error in his Judgment and Sentence. He contends that the Judgment and Sentence erroneously states that his sentences were to be consecutive rather than concurrent. We affirm.

### ISSUE

[¶ 2] Did Mr. Cubba establish that, at the sentencing hearing, the district court unambiguously imposed concurrent sentences?

### FACTS

[¶ 3] In October 2004, Mr. Cubba, in two separate cases, was charged with felony destruction of property and possession of marijuana with intent to deliver. The cases were consolidated. In January 2005, pursuant to a plea agreement, Mr. Cubba entered a guilty plea in both cases. No written agreement appears in the record. Mr. Cubba's counsel, at the change of plea hearing, set forth the terms of the agreement as follows:

> The Court: What is the agreement?
>
> [Defense Counsel]: Pursuant to a plea agreement, he'll plead guilty to the charge of property destruction. The district attorney will be recommending a two-to-four-year sentence with a boot camp recommendation. There is restitution in that matter of $2,675.
>
> He will additionally be pleading guilty to possession with intent to deliver. The district attorney will recommend a three-to-five-year sentence, suspended, *consecutive* to the two-to-four-year sentence with a boot camp recommendation, probationary period to be three years.

(Emphasis added.)

[¶ 4] Mr. Cubba was sentenced on April 4, 2005. The court permitted defense counsel to make the first statement:

> [Defense Counsel]: We're here on a sentencing on Mr. Cubba. My client entered a guilty plea to two charges, one of property destruction and one a possession with intent to deliver. The sentence to be recommended by the district attorney's office was a two-to-four sentence with boot camp for the property destruction case and then a three-to five-year suspended sentence *consecutive* to that first sentence. There also is restitution in this matter which was joint and several with another codefendant.

(Emphasis added.) Following defense counsel's presentation, the district court afforded Mr. Cubba the opportunity to make a statement. Mr. Cubba did not take exception to the stated terms of the plea agreement other than to request that he be placed on Intensive Supervised Probation or referred to Frontier Correctional Systems, rather than boot camp. After Mr. Cubba concluded, defense counsel stated, "I believe the State is sticking with their recommendation at this point," and the prosecutor responded, "We are, Your Honor." The district court then

stated its intent to sentence Mr. Cubba in conformance with the plea agreement: "I'm going to ratify and concur with the plea agreement reached by the parties in this case. The boot camp will be ordered, included in that order."

[¶ 5] At the conclusion of the sentencing proceeding, the following exchange occurred:

The Court: Anything else?

[Prosecutor]: Just for clarification, our plea agreement was the guilty pleas are running concurrent. I believe [Defense Counsel] mentioned they are consecutive. I believe they are concurrent.

[Defense Counsel]: Okay.

The Court: That will be concurrent. Anything further?

[Defense Counsel]: Nothing further, Your Honor. Thank you.

The Court: Thank you, Mr. Cubba.

[¶ 6] On the same day as the sentencing hearing, the district court entered a *Minute Order*. That order stated: "Property Destruction: sentenced to 2–4 yrs. in the WY State Pen., to complete the Boot Camp Program. Poss. w/ intent to Deliver: sentenced to 3–5 yrs. in the WY State Pen., suspended to run *consecutive* to Prop. Dest. Charge." (Emphasis added.) The district court subsequently entered a Judgment and Sentence in each case. The Judgment in Docket 28–375 specified that the sentence "shall be served consecutive with Docket 28–401 [the property destruction charge]." Mr. Cubba did not file an appeal in either case.

[¶ 7] Three years later, Mr. Cubba filed a *Motion to be Discharged from Probation and to Correct Clerical Mistakes* in both cases. He contended that there was a clerical error in the Judgment and Sentence and that it should be corrected to reflect that the sentences were to be served concurrently. The State resisted the motion and, in support of its position, submitted an affidavit from the former Assistant District Attorney who represented the State during the sentencing hearing. She stated, in pertinent part:

When I represented the State for the Gordon Cubba case I was a brand new felony attorney. If it was not my first felony case, it was not far from it. The agreement between the State and the Defendant was that the sentences should run consecutive to each other. . . . I used the incorrect terminology at the Sentencing proceeding on April 4, 2005 when I informed the [district] Court that the sentences would be concurrent. The agreement stated by defense counsel was correct, and the sentences were to run consecutively.

After a hearing, the district court denied the motion. Mr. Cubba appeals.[1]

### DISCUSSION

[¶ 8] Mr. Cubba does not contend that the plea agreement required imposition of concurrent sentences or that he entered into the plea agreement because the State had agreed to recommend concurrent sentences. He contends only that the district court, in its oral statement of the sentence, unambiguously imposed concurrent sentences. The State disputes Mr. Cubba's claim that the district court unambiguously ordered concurrent sentences at the sentencing hearing. The State contends that the district court intended to, and did, impose consecutive sentences. According to the State, the Judgment and Sentence accurately reflects the sentence that the court imposed.

[¶ 9] A clerical mistake in a judgment may be corrected at any time. W.R.Cr.P. 36. An unambiguous oral sentence controls over a written judgment and sentence that conflicts with the court's oral pronouncement. *E.g., Christensen v. State,* 854 P.2d 675, 678 (Wyo.1993). A trial court has a duty to correct a written judgment to accurately reflect the sentence imposed. *Lane v. State,* 663 P.2d 175, 176 (Wyo.1983). For Mr. Cubba to prevail in this case, he must establish that the district court unambiguously imposed concurrent sentences at the sentencing hearing. He must prove that the written Judgment and Sentence, as en-

---

1. Mr. Cubba appealed in both his property destruction case and his possession case. He does not, however, request that the Judgment and Sentence in the property destruction case be corrected or altered in any way. Consequently, we limit our discussion to the sentence ordered in the possession case.

tered, differs from the sentence orally imposed by the district court. He has failed to carry that burden.

[¶ 10] The record clearly illustrates ambiguity in the court's oral sentence. When explaining the plea agreement—in the change of plea and sentencing hearings—defense counsel specifically stated that Mr. Cubba's sentences were to be served consecutively. Initially, the district court sentenced Mr. Cubba in accordance with that agreement. This indicates that the court intended a consecutive sentence. On the other hand, the exchange between the parties and the court at the end of the hearing suggests that the sentences were to be concurrent. At best, Mr. Cubba has demonstrated that the court made two statements, one reflecting an intent to impose consecutive sentences and the other suggesting an intent to impose concurrent sentences. When the record is reviewed in its entirety, Mr. Cubba has not established that the district court unambiguously imposed concurrent sentences. We find no error in the district court's denial of Mr. Cubba's motion.

[¶ 11] Affirmed.