2010 WY 73

**Matthew Kyle ENDRIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. S-09-0188, S-09-0189.**

Supreme Court of Wyoming.

June 3, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Matthew Endris pleaded guilty to a charge of driving while under the influence of alcohol. Consistent with the plea agreement between Mr. Endris and the prosecution, the district court imposed a sentence that allowed Mr. Endris to be released from jail to participate in an alcohol treatment program. The district court informed Mr. Endris that, during his release, he would be considered both on probation and in official detention. Mr. Endris was released, but he failed to enroll in the treatment program. His probation was revoked, and in a separate case, he was convicted of escaping from official detention. In these consolidated cases, he appeals both the revocation of his probation and the conviction on the escape charge. He con-

tends that the sentence he received on the charge of driving while under the influence is illegal because it subjected him to both probation and incarceration at the same time.

[¶ 2] We agree that the sentence is not authorized under the applicable Wyoming statutes. We will therefore reverse both the revocation of his probation and his conviction for escape. We will also vacate the illegal sentence on the underlying charge of driving while under the influence, and remand this case to the district court for resentencing.

### ISSUES

[¶ 3] Mr. Endris states the dispositive issues [1] this way:

1. Did the trial court err as a matter of law in finding that Mr. Endris escaped from official detention when the underlying sentence under W.S. § 7–13–107 was an illegal sentence, and therefore null and void?

2. Did the trial court err in revoking Mr. Endris's probation, as Wyoming law does not provide probation to be served concurrently with incarceration for the same offense?

The State combines the two issues into one:

1. Was Appellant in official detention, in effect serving the custodial portion of his split sentence, when he escaped, such that his escape conviction must be affirmed but his probation revocation must be vacated?

### FACTS

[¶ 4] Mr. Endris was charged with driving while under the influence of alcohol, a violation of Wyo. Stat. Ann. § 31–5–233 (LexisNexis 2007). Because of prior convictions on similar charges, Mr. Endris was charged with a felony. He pleaded guilty pursuant to a plea agreement, in which the prosecution agreed to recommend a sentence of eighteen to twenty-four months in prison, suspended in favor of a "split" sentence requiring Mr. Endris to spend one year in the county jail and one year on supervised probation. The

---

1. Mr. Endris also presents an issue regarding an instruction given to the jury during his trial on the charge of escaping from official detention.

In light of our resolution of his other issues, there is no need to consider the jury instruction issue.

agreement also provided that Mr. Endris would be released from jail to attend an inpatient alcohol treatment program.

[¶ 5] The district court accepted the guilty plea. Despite concerns that the recommended sentence seemed too "favorable" in light of Mr. Endris's criminal record, the district court also accepted the recommended sentence with this explanation:

> However, since the county attorney was willing to go along with this and give you an opportunity ... certainly the Court does not want to interfere with the opportunity for you to rehabilitate yourself.
>
> So the Court will, with some reservations, accept the plea agreement and sentence the defendant to not less than eighteen nor more than twenty-four months in prison. That will be suspended in lieu of a one year split sentence, and one year of supervised probation.

[¶ 6] Also in accordance with the plea agreement, the district court announced that Mr. Endris could be released from jail in order to attend an in-patient alcohol treatment program. The district court explained the terms of release as follows:

> *That probation is to begin upon his release from jail and initiation of any treatment pursued.* This will apparently be next week.
>
> Mr. Endris, I want you to pay particular attention to *the terms of your probation* . . . .
>
> You are to enroll in and complete an acceptable drug and alcohol treatment program. This will begin immediately upon your release from jail. . . . *And you will be considered in detention while you are at that program, so if you decide to leave you will be potentially charged with escape, which is a felony in Wyoming* . . . .
>
> He will report to the treatment facility no later than four hours from his release from jail. . . . *And any deviation from that travel plan will be considered a deviation [from] a condition of your probation,*

> *as well as a deviation from your official detention.*

(Emphasis added.)

[¶ 7] The district court followed its oral sentencing with a written Judgment and Sentence. It confirmed that Mr. Endris would be released to participate in a treatment program. It also confirmed that if Mr. Endris left the program without authorization, he would be "charged with felony escape from official detention." Unlike the oral sentence, however, the written judgment did not provide that Mr. Endris would also be on probation while in the treatment program. It provided instead that Mr. Endris would be eligible for probation after serving one year in jail.

[¶ 8] Mr. Endris was released from jail on September 29, 2008. He had been accepted into an alcohol treatment program in Cody, about a three hour drive from Sheridan where he was in jail. Mr. Endris thought he had arranged for a ride to Cody, but his plan fell through because the driver had to have knee surgery. Mr. Endris asked several other people, but they were unable or unwilling to give him a ride. He went to the bus station, but learned that the bus did not go to Cody. He finally found someone willing to drive him to Cody for $200, but he did not have that much money. He continued trying to find a ride to Cody or to borrow $200.

[¶ 9] After a couple of days without success, Mr. Endris decided to turn himself in at the jail. On the way there, he stopped to see an acquaintance who was working on repairs and remodeling at a motel next door to the jail. This person offered Mr. Endris a job helping with that work, and said that Mr. Endris could live in the motel while working there. Mr. Endris decided to take the job instead of turning himself in, hoping to earn enough money to pay for a ride to Cody.

[¶ 10] When Mr. Endris failed to enroll in the treatment program as required, the district court issued a warrant for his arrest. That warrant was issued on October 1, 2008. Mr. Endris was arrested on November 6, 2008, at the motel next door to the jail.

[¶ 11] In a hearing held soon after the arrest, the prosecution told the district court

that it had intended to file a motion to revoke Mr. Endris's probation, but upon reviewing the written Judgment and Sentence, the prosecutor found that it did not place Mr. Endris on probation when he was released for treatment. The prosecutor believed that the oral sentence had placed Mr. Endris both on probation and in detention upon his release. When that belief was confirmed by the transcript of the sentencing hearing, the prosecution filed a Motion for Order Nunc Pro Tunc, asking the district court to amend the written Judgment and Sentence to conform to the oral sentence.

[¶ 12] The district court granted the motion, reconfirming that Mr. Endris was both on probation and in official detention when he was released to seek treatment. The prosecution then petitioned to revoke Mr. Endris's probation. Granting the petition, the district court imposed the original sentence of eighteen to twenty-four months in prison. Meanwhile, in a separate proceeding, Mr. Endris was charged with escaping from official detention, a violation of Wyo. Stat. Ann. § 6–5–206(a)(i). He was found guilty by a jury. He was sentenced to four to seven years in prison, to be served consecutive to the sentence for driving while under the influence. Mr. Endris filed timely appeals in both cases, and his appeals were consolidated.

### STANDARD OF REVIEW

[¶ 13] In reviewing claims that a criminal sentence is illegal, we have established this standard of review:

Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo.2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

*Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898–99 (Wyo.2009).

### DISCUSSION

[¶ 14] After Mr. Endris pleaded guilty to the charge of driving while under the influence, the district court initially imposed a sentence of eighteen to twenty-four months in prison. It suspended that sentence and instead imposed a "split sentence," which required Mr. Endris to spend one year in the county jail and one year on supervised probation. "Split sentences" are authorized under Wyo. Stat. Ann. § 7–13–107(a), which provides in pertinent part:

Following a defendant's conviction of, or his plea of guilty to any felony, other than a felony punishable by death or life imprisonment, the court may impose any sentence of imprisonment authorized by law and ... may in addition provide:

(i) That the defendant be confined in the county jail for a period of not more than one (1) year; and

(ii) That the execution of the remainder of the sentence be suspended and the defendant placed on probation.

[¶ 15] The district court also allowed Mr. Endris to be released from jail to participate in an in-patient alcohol treatment program. As quoted above, the district court announced that Mr. Endris would be considered both on probation and in detention during his release. Mr. Endris contends that the applicable Wyoming statutes do not allow a court to sentence a person to both probation and detention at the same time. Because the sentence is contrary to the statutes, Mr. Endris claims that it is illegal. "A sentence that imposes a punishment not authorized by the legislature ... is illegal." *Apodaca v. State*, 891 P.2d 83, 85 (Wyo.1995).

[¶ 16] Mr. Endris cites Wyo. Stat. Ann. § 6–5–201(a)(ii), which defines the term "official detention" to include "detention in any manner and in any place for law enforcement purposes." In addition, this definition explicitly states that official detention *"does not include supervision on probation* or parole or constraint incidental to release on bail." (Emphasis added.) Mr. Endris also cites Wyo. Stat. Ann. § 7–13–401(a)(x), which defines the term "probation" as "a sentence *not*

*involving confinement* which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions." (Emphasis added.) Applying this statutory definition in other circumstances, we observed that "jail time cannot be considered as a probation condition because the word 'probation' is defined ... as being 'a sentence not involving confinement.'" *Kidd v. State*, 937 P.2d 1334, 1336 (Wyo.1997), *overruled on other grounds by Daugherty v. State*, 2002 WY 52, 44 P.3d 28 (Wyo.2002). We agree with Mr. Endris that these two statutory provisions, taken together, establish a general rule that probation and detention are incompatible and mutually exclusive.[2]

[¶ 17] The legislature can make exceptions to this general rule, and provide that a person may be subject to both probation and detention in specified circumstances. For example, under the Wyoming Adult Community Corrections Act, "the sentencing court may, *as a condition of probation,* order that [an eligible] offender participate in a residential or nonresidential adult community correctional program." Wyo. Stat. Ann. § 7–18–108(a) (emphasis added). But the legislature also provided that a person in a community correctional program is in official detention, and may be charged with escape from the program. Wyo. Stat. Ann. § 7–18–112. Based on these explicit statutory provisions, we have recognized that a person participating in a community corrections program may be treated as both on probation and in detention. *Peper v. State*, 768 P.2d 26, 29 (Wyo. 1989).

[¶ 18] There are no similar provisions in the "split sentence" statute under which Mr. Endris was sentenced. To the contrary, that statute provides that a court "may impose a split sentence of incarceration *followed* by probation." Wyo. Stat. Ann. § 7–13–107(c) (emphasis added). If probation must follow incarceration, then a district court imposing a

"split sentence" under this statute may not impose probation and detention at the same time. The State has not cited any other statutory provision that would authorize the district court to impose both probation and detention. The sentence imposed on Mr. Endris is illegal because it subjected him to probation and detention at the same time for the same crime.

[¶ 19] The State attempts to rely on the district court's written Judgment and Sentence, which provided that Mr. Endris was in detention when he was released for treatment, but did not state that he would also be on probation. The State relies on *Williams v. State*, 949 P.2d 878, 880 (Wyo.1997) for the proposition that a written judgment and sentence may be used to clarify an ambiguous oral sentence. Consistent with the written judgment and sentence, the State admits that we must reverse the revocation of Mr. Endris's probation, but urges us to affirm Mr. Endris's conviction on the escape charge.

[¶ 20] The State's position on appeal is inconsistent with the prosecution's actions in the district court. There, the prosecutor insisted that the written order was wrong, and moved to correct the written order to conform to the oral sentence. Now the State takes the contrary position that the written sentence was correct and the oral sentence should be ignored. Additionally, the State's reliance on *Williams* is misplaced. *Williams* says that a written order can serve to clarify an ambiguous oral order, but there is nothing ambiguous about the oral sentence pronounced by the district court in this case. The transcript of the sentencing hearing, quoted above, leaves no doubt that the district court was sentencing Mr. Endris to both probation and detention when he was released for treatment. An unambiguous oral pronouncement from the bench prevails over a contrary provision in a written order. *See, e.g., Britton v. State*, 2009 WY 91, ¶ 24, 211 P.3d 514, 519 (Wyo.2009); *Cubba v. State*, 2009 WY 87, ¶ 9, 210 P.3d 1086, 1088 (Wyo.

---

**2.** We note that this general rule applies in several other states. *See Joseph v. State*, 752 So.2d 656, 656 (Fla.Dist.Ct.App.2000) ("It is well settled that probation cannot be imposed concurrently with a sentence of incarceration."); *State v. Harris*, 251 N.W.2d 483, 483 (Iowa 1977) ("Granting proba-

tion and imposing confinement constitute a contradiction."); *State v. Huftile*, 367 N.W.2d 193, 196 (S.D.1985) ("Probation and incarceration are ... mutually exclusive."), *superseded by statute on other grounds,* S.D. Codified Laws § 24–15A–1 (1996).

2009). We cannot ignore the unambiguous oral sentence imposed on Mr. Endris.

[¶ 21] The State also points out that Mr. Endris did not file a timely appeal of that sentence, but attacks it for the first time on appeal. Facing a similar situation in the past, we made this observation:

> Our rules of criminal procedure authorize a trial court to correct an illegal sentence at any time. W.R.Cr.P. 35(a). A motion to correct an illegal sentence is properly addressed to the trial court in the first instance. *Kahlsdorf v. State*, 823 P.2d 1184, 1189 (Wyo.1991). For reasons of judicial economy, however, we have considered illegal sentence claims when the issue was raised for the first time on appeal, *Price v. State*, 716 P.2d 324, 328 (Wyo.1986), and when the issue, although mentioned in the trial court, was not pursued until appeal. *Kahlsdorf*, 823 P.2d at 1189.

*Sarr v. State*, 2007 WY 140, ¶ 12, 166 P.3d 891, 895 (Wyo.2007). We are not precluded from considering the legality of Mr. Endris's sentence for the first time on appeal.

[¶ 22] Mr. Endris's sentence is illegal because it placed him on probation and in detention at the same time for the same crime. That illegal sentence cannot serve as a proper basis for revoking his probation, and so we reverse that decision. In addition, the illegal sentence cannot serve as a proper basis for convicting him of escape from official detention, and so we reverse that conviction. Finally, we vacate the illegal sentence on the underlying conviction of driving while under the influence of alcohol, and remand the case to the district court for resentencing.