2008 WY 140

**Grace BUSCH, Appellant (Plaintiff),**

v.

**HORTON AUTOMATICS, INC., a Division of Overhead Door Corporation, Appellee (Defendant).**

**No. S–08–0024.**

Supreme Court of Wyoming.

Nov. 25, 2008.

Representing Appellant: M. Jalie Meinecke of Meinecke & Sitz, LLC, Cody, Wyoming.

Representing Appellee: Jeffrey C. Brinkerhoff and Kelley A. Anderson of Gifford & Brinkerhoff, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Grace Busch (Busch), challenges the district court's "Judgment and Final Order" dismissing her tort claims against Appellee, Horton Automatics, Inc. a Division of Overhead Door Corporation (Horton), on the basis that those claims were barred by the applicable statute of limitations (four years). Busch's complaint also stated claims against Kent Foulger d/b/a Blair's Thriftway, a grocery market (Thriftway). Her complaint was filed in the district court on May 11, 2007, and at that time Horton was identified as "John Doe I." Busch suffered her injuries on June 3, 2003. Because the claims against Thriftway remain pending, the district court included the appropriate W.R.C.P. 54(b) certification in its judgment. We will reverse and remand for further proceedings consistent with this opinion.

## ISSUES

[¶ 2] Busch raises these issues:

A. The order does not comport with the facts presented through oral arguments;[1] and

B. The filing of the initial complaint was completed within the four-year period as per the applicable statute of limitations, W.S. § 1–3–105(a)(iv)(c); and

C. Service of the complaint was completed timely and the Court did not lack jurisdiction to hear [Busch's] claims; and

D. W.R.C.P. 15(c) is applicable to parties named fictitiously according to W.R.C.P. 17 and then later properly named, and cannot be used to defeat Rule 17.

Horton summarizes the issues thus:

Whether the district court correctly ruled that [Busch's] Amended Complaint naming ... Horton ... in place of the previously-named "John Doe" is time barred and does not relate back to the date the of filing of the original Complaint for statute of limitations purposes pursuant to Rule 15(c)(3) W.R.C.P. because Horton ... was not already before the Court when the amended complaint was filed and [Busch] did not mistakenly identify nor misname Horton ... in the original complaint.

[¶ 3] Busch asserts that W.R.C. P. 17(d) and 15(c)(3) must be read together in a sensible way so as to give full meaning to both rules. Boiled down to its essence, it is Horton's contention that Busch's only chance to prevail in this appeal depends upon her ability to: (1) amend her original complaint to add Horton as a defendant against whom she has a potentially viable complaint; and (2) having this amended complaint "relate back" to her original complaint under W.R.C.P. 15(c)(3)(B) so that she overcomes the defense of the statute of limitations. Rule 15(c)(3)(B) provides for the "relation back" of amended complaints that add or change parties if the party to be brought in by amendment "knew or should have known that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the party." See *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 189 (3rd Cir.2001) (wherein the Third Circuit Court of Appeal makes a very strong case for, and an impassioned plea that, construction of the Rule should be otherwise and recommended an amendment to clarify that). Also see 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure,* § 1498 (Supp.2008, p. 34); and 61B Am.Jur.2d *Pleading* § 872 (1999 and Supp.2008); compare *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir.2004) (all Federal Circuit Courts of Appeal which have decided the issue follow the rule articulated in *Garrett,* rather than the Third Circuit analysis).

## FACTS AND PROCEEDINGS

[¶ 4] Busch filed her complaint in the district court on May 11, 2007. In it she alleged that she was injured at Thriftway on June 3, 2003, when an automatic sliding door malfunctioned hitting her and knocking her into a row of shopping carts. Busch claimed to have suffered severe injuries as a result. She asserted that her injuries occurred be-

---

1. Although it does not make a difference in our analysis and resolution of this case, the "facts presented through oral argument" are not in- cluded in the record on appeal as no transcript of the oral arguments was included in the record on appeal.

cause of negligence on the part of Thriftway and its owner, as well as on the part of the manufacturer of the sliding door. The complaint also included a claim against a John Doe I for strict products liability with respect to the automatic sliding door. Such a pleading is permitted by W.R.C.P. 17(d) which provides:

(d) *Suing person by fictitious name.*— When the identity of a defendant is unknown, such defendant may be designated in any pleading or proceeding by any name and description, and when the true name is discovered the pleading or proceeding may be amended accordingly; and the plaintiff in such case must state in the complaint that the plaintiff could not discover the true name, and the summons must contain the words, 'real name unknown', and a copy thereof must be served personally upon the defendant.

[¶ 5] On June 28, 2007, after Busch discovered the name of "John Doe I," she filed an amended complaint identifying the previously named Defendant, John Doe I, as Horton:

COMES NOW the Plaintiff, Grace Busch, by and through the undersigned attorney ... and pursuant to Wyoming Rule of Civil Procedure 17(d), and does hereby amend the original Complaint in Civil Action No.2007–0058, as the Plaintiff could not discover the true name of Defendant John Doe I and does hereby join and sets forth her cause of action against the Defendants Blair's Thriftway, Horton Automatics, Inc. and Overhead Door Corporation, as follows:

The amended complaint was served on Horton on July 6, 2007, in Dallas, Texas.

[¶ 6] On July 23, 2007, Horton filed a motion to dismiss Busch's complaint on the basis that it failed to state a claim upon which relief could be granted, because the applicable statute of limitations had run on June 3, 2007, and, insofar as Horton was concerned, Busch's complaint was not filed until June 28, 2007, some 25 days after the statute of limitations had expired.

2. Although neither party cites this statute, we deem it relevant because the operation of

[¶ 7] The parties do not dispute that the asserted injury occurred on June 3, 2003, and that the statute of limitations expired on June 3, 2007. The applicable statute of limitations is found at Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (LexisNexis 2007):

§ 1–3–105. Actions other than recovery of real property.

(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

. . . .

(iv) Within four (4) years, an action for:

. . . .

(C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated; and

[¶ 8] Wyo. Stat. Ann. § 5–2–114 (LexisNexis 2007) invests the Supreme Court with authority to adopt rules: ("The supreme court of Wyoming may from time to time adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in all courts of this state, for the purpose of promoting the speedy and efficient determination of litigation upon its merits.").

[¶ 9] Wyo. Stat. Ann. § 5–2–115 (LexisNexis 2007) provides:

(a) Such rules may govern:

(i) The forms of process, writs, pleadings and motions and the subjects of parties, depositions, discovery, trials, evidence, judgments, new trials, provisional and final remedies and all other matters of pleading, practice and procedure; and

(ii) Any review of or other supervisory proceedings from the judgment or decision of any court, board, officer, or commission when such review is authorized by law.

(b) Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations.[2]

W.R.C.P. 17(d) in these circumstances does not run afoul of this statute.

[¶ 10] Horton's position in this matter continues, citing W.R.C.P. 15(c)(3)(B) for the proposition that Busch's amended complaint did not relate back to the filing of the original complaint so as to save her claim against Horton from the application of the statute of limitations. Rule 15(c)(3)(B) provides:

(c) *Relation back of amendments.*—An amendment of a pleading relates back to the date of the original pleading when:

(1) Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

(2) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3) The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within 120 days after the filing of the complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party, the action would have been brought against the party.*

## DISCUSSION

[¶ 11] The district court granted summary judgment in favor of Horton based upon its conclusion that Horton was entitled to judgment as a matter of law. Thus, we apply our well-known and oft-repeated standard of review for such a judgment. See *Jasper v. Brinckerhoff,* 2008 WY 32, ¶ 10, 179 P.3d 857, 862 (Wyo.2008). The only decision of the district court that is before us for review is whether or not Busch's amended complaint was, by operation of law, deemed to be filed within the applicable statute of limitations, even though it was in fact filed after the date the statute of limitations had run. The proceedings in the district court are set out in detail above, and that is all there is for this Court to consider. That very limited set of pleadings is the grist for

our review of whether or not the district court erred as a matter of law.

[¶ 12] In light of the interplay of the applicable rules of civil procedure and what we view as the better reasoned case law, it is our conclusion that the district court erred as a matter of law in dismissing the complaint on the basis that the statute of limitations provided Horton with a complete defense against Busch's complaint and amended complaint. It is our view that what occurred in this case is exactly what may be anticipated with respect to the interplay between W.R.C.P. 17(d) and 15(c)(3).

[¶ 13] Interpretations of statutes, as well as interpretations of rules of procedure, are questions of law that we review *de novo. Bixler v. Oro Management, LLC,* 2006 WY 140, ¶ 5, 145 P.3d 1260, 1262 (Wyo.2006). In interpreting such rules, we apply the same rules used in statutory construction. *Cotton v. McCulloh,* 2005 WY 159, ¶ 14, 125 P.3d 252, 257 (Wyo.2005). Our initial effort is directed at ascertaining if a statute or procedural rule is ambiguous. If it is not, we apply the plain language of the statutes and/or rules. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed, according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in *pari materia. Id.,* 125 P.3d at 258

[¶ 14] When this Court construes rules of civil procedure which are virtually identical to their federal counterparts, pertinent federal authority is persuasive. *Caldwell v. Cummings,* 2001 WY 106, ¶ 10, 33 P.3d 1138, 1141 (Wyo.2001). In this instance, F.R.C.P. 15 is almost identical to Wyoming's Rule 15, but W.R.C.P. 17(d) does not have a counterpart in the F.R.C.P. Of course, we must also take account of a couple of Wyoming statutes in this case, which further complicates the equation and diminishes the utility of our usual deference to federal precedents with respect to rules of civil procedure. We addressed this issue tangentially in *Northern Utilities v. Evansville,* 822 P.2d 829, 841–44 (Wyo.1991), but we deem that case to be distinguishable from the instant

circumstances and of dubious soundness in light of further developments of the law in this area. See 61B Am.Jur.2d *Pleading* §§ 869–72 (1999 and Supp.2008); 6A Wright, Miller and Kane, *Federal Practice and Procedure, supra,* § 1498; Joel E. Smith, Annotation, *Relation Back of Amended Pleading Substituting True Name of Defendant for Fictitious Name Used in Earlier Pleading So As to Avoid Bar of Limitations,* 85 A.L.R.3d 130 (1978 and Supp.2008).

[¶ 15] From the annotation cited above, as well as from much of the other material cited above, we glean this fundamental principle that we deem to be important to take into account here: The purpose of W.R.C.P. 17(d) is to provide a plaintiff with a means to toll the statute of limitations when she does not know the proper designation of the defendant. Joel E. Smith, Annotation, *supra,* 85 A.L.R. 3d 130, § 2. There is considerably more to the equation than just that, but that is all that is in controversy here, because the district court decided only that the amended complaint, identifying the fictitious defendant by name, was barred by the statute of limitations in that the amended complaint did not or could not relate back to the original complaint identifying the fictitious defendant. See *Oliver v. Woodward,* 824 So.2d 693, 698–99 (Ala.2001); *In re Snow,* 764 So.2d 531, 535 (Ala.1999) (citing *Fulmer v. Clark Equipment Co.,* 654 So.2d 45, 46 (Ala.1995)); *Farrell v. Votator Division of Chemetron Corporation,* 62 N.J. 111, 299 A.2d 394, 395–400 (1973).

[¶ 16] We embrace this modest principle and deem it a dispositive basis for reversing the district court's order granting summary judgment in favor of Horton. Permitting the relation back of an amended complaint under the circumstances set out generally above is in accord with the rules and statutes which are applicable to such circumstances.

## CONCLUSION

[¶ 17] The summary judgment order of the district court is reversed, and this matter is remanded back to the district court for further proceedings consistent with this opinion.