# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 39

OCTOBER TERM, A.D. 2014

March 9, 2015

CURTIS J. HAMILTON,

Appellant
(Defendant),

v.

S-14-0146

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sublette County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Appellant:*

    *Robert W. Horn, Robert W. Horn, P.C., Jackson, Wyoming.*

*Representing Appellee:*

    *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Courtney A. Amerine, Student Intern. Argument by Ms. Amerine.*

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    This appeal presents a question of first impression as to whether a court, under Wyoming Rule of Criminal Procedure 35(a), may increase a previously-imposed, legal sentence.  Pursuant to a plea agreement, Curtis Hamilton pled guilty to charges of conspiracy to deliver methamphetamine and child endangerment.  He agreed to cooperate with the State and provide information about his criminal conduct, and he agreed that the State could move under W.R.Cr.P. 35(a) for an increase in his sentence if he did not meet this obligation.  Several months after he was sentenced, the State asserted that he had failed to cooperate, and moved to modify his sentence.  The district court granted the motion and imposed a new, more severe sentence.  We conclude that, despite the parties' plea agreement, the district court lacked jurisdiction to increase the sentence.  Accordingly, we vacate the new sentence and remand for further proceedings consistent with this opinion.

*ISSUE*

[¶2]    Did the district court have jurisdiction pursuant to W.R.Cr.P. 35(a) to increase a defendant's sentence of incarceration when the original sentence was a legal sentence?

*FACTS*

[¶3]    Mr. Hamilton was charged with one misdemeanor and eight felony counts involving possession and delivery of methamphetamine, possession of marijuana, conspiracy to deliver methamphetamine, and endangering a child.  He negotiated a plea agreement with the State.  Mr. Hamilton agreed to plead guilty to conspiracy to deliver methamphetamine in violation of Wyo. Stat. Ann. § 35-7-1042 and § 35-7-1031(a)(i) (LexisNexis 2011), and endangering a child in violation of Wyo. Stat. Ann. § 6-4-405(a)(ii) and (c).  The State agreed to dismiss the remaining charges and to recommend a five- to eight-year sentence on the conspiracy charge.[1]

[¶4]    As part of the plea agreement, Mr. Hamilton promised to cooperate with the State in providing information and testimony to assist the State in its investigation of other criminal activity.  He agreed that, if he failed to cooperate, he would not object to the

---

[1] The parties did not agree on the sentence for the child endangerment charge.  However, as the agreement recited, the statutory maximum prison term for child endangerment was less than the agreed-upon sentence for the conspiracy charge, and the State agreed that the sentences for the two crimes would be served concurrently.  Accordingly, the length of the sentence on the child endangerment charge would have little or no practical effect on the amount of time Mr. Hamilton would spend in prison.

1

State's motion to modify his sentence pursuant to W.R.Cr.P. 35(a). This provision of the plea agreement read as follows:

> I will cooperate with the government and provide accurate and truthful information about my involvement in criminal conduct, specifically the offenses charged in the Amended Information. I will also provide accurate and truthful information about criminal conduct pertaining to the illegal distribution of controlled substances by myself or acquaintances including but not limited to: [four identified individuals]. If, after the Court has accepted my plea pursuant to the terms and conditions of this Plea Agreement, I do not voluntarily cooperate and truthfully testify if called upon to do so in the criminal trials of [the same four individuals], or any other citizen about whom I have provided information pertaining to the illegal distribution of controlled substances, I acknowledge and agree that I will have breached the terms of this Plea Agreement. In the event of such a breach I will not be able to withdraw my plea to the offenses stated. In the event of such a breach, Defendant agrees not to contest or object to the State's filing of a motion pursuant to Rule 35(a) of the Wyoming Rules of Criminal Procedure in order to correct the Defendant's sentence to reflect his lack of fulfillment of this Plea Agreement. I understand that I will be re-sentenced on Count IX to a term of not more than twenty years, a fine of not more than $25,000.00, or both. I will be sentenced consecutively on Count II to a term of imprisonment of not more than five years, a fine of not more than $5,000.00, or both.

The district court accepted the plea, and imposed the agreed-upon sentence of five to eight years on the conspiracy charge. It also imposed a sentence of three to five years on the child endangerment charge, with the two sentences to be served concurrently. The remaining charges were dismissed.

[¶5] Several months after Mr. Hamilton was sentenced, the State filed a "Motion for Sentence Modification Pursuant to W.R.Cr.P. Rule 35(a)." The State alleged that Mr. Hamilton had breached the plea agreement by failing to cooperate and failing to provide complete, truthful, and forthright information as required. Despite his agreement not to object, Mr. Hamilton opposed the State's motion, claiming that he had not breached the agreement and that Rule 35(a) did not allow the State to seek an increase in a previously-imposed sentence.

2

[¶6]    After an evidentiary hearing, the district court granted the State's motion. In its decision letter, the district court detailed its findings that Mr. Hamilton had breached the plea agreement. It stated that the information Mr. Hamilton had provided at different times had "varied significantly as to amounts of the controlled substances involved and as to the source of the methamphetamine." The court found that Mr. Hamilton's "vacillations" had an immediate, irreversible impact on the State's ability to properly charge and prosecute the individuals referred to in the plea agreement, and that Mr. Hamilton's "intentional and affirmative efforts to destroy the value of his anticipated testimony, coupled with his recalcitrance to cooperate and truthfully testify, if necessary, stripped the State of any benefit of the 'Plea Agreement.'"[2]

[¶7]    The district court noted that, "[g]enerally, [it] has discretion to modify a sentence under W.R.Cr.P. 35." The court also cited authority for the proposition that the general principles of contract law apply to a plea agreement. The court also found that the plea agreement was clear and unambiguous, and clearly reflected the parties' intent that if Mr. Hamilton did not cooperate with the State, he would not object to the State's filing of a motion to modify his sentence pursuant to Rule 35(a). It determined that the "intent of the parties, as stated in the 'Plea Agreement,' must be given effect." The agreed-upon remedy for Mr. Hamilton's breach was resentencing pursuant to Rule 35(a). Having determined that Mr. Hamilton had materially and substantially breached the agreement, the district court granted the State's motion pursuant to Rule 35(a).

[¶8]    At Mr. Hamilton's resentencing, the district court increased the previous five- to eight-year sentence on the conspiracy charge to eight to twelve years. It also ordered the formerly concurrent sentences to be served consecutively, resulting in a substantial increase in the time Mr. Hamilton would be imprisoned. He subsequently filed this timely appeal.

*STANDARD OF REVIEW*

[¶9]    The determination of whether a district court has jurisdiction pursuant to W.R.Cr.P. 35(a) to increase a previously-imposed, legal sentence presents a question of law reviewed *de novo*. W.R.A.P. 1.03; *Pfeil v. State*, 2014 WY 137, ¶ 7, 336 P.3d 1206, 1209 (Wyo. 2014). In order to resolve that question, we must interpret W.R.Cr.P. 35(a). Interpretation of rules of procedure also presents a question of law which we review *de novo*. *Busch v. Horton Automatics, Inc.*, 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo. 2008).

---

[2] On appeal, Mr. Hamilton does not challenge the district court's conclusion that he breached the plea agreement.

## DISCUSSION

[¶10] We must determine whether W.R.Cr.P. 35 gives the district court authority to increase a previously-imposed, legal sentence. As noted above, this issue presents a question of first impression. The district court remarked on the novelty of the State's motion to modify Mr. Hamilton's sentence at the hearing on the motion:

> I've frankly never seen it before, I've never seen a Rule 35(a) motion to modify sentence that would contemplate enforcing a plea agreement that would increase, if you will, the sentence that has already been handed down by the Court in this case. . . . I've never seen a request of this nature before in my experience as a judge nor in my experience as a lawyer before being appointed. I was pretty much at sea as to standards and what considerations I should make so yesterday I did a little bit of researching, there is not anything directly on point that I could find.

The prosecutor agreed with the court's assessment, stating as follows:

> As the Court has indicated, there is not a lot of guidance. . . . If this is appealed it would be an issue of, I think, first impression as to whether or not Rule 35 was the proper vehicle to essentially enlarge a sentence if there has been a violation of a plea agreement and so the State has been very concerned with making a good record in this instance in case the matter is appealed and so that there could be some further guidance to prosecutors who are contemplating using this rule for this purpose.

As in the proceedings below, the State has not cited any precedent, from Wyoming or any other jurisdiction, for granting a Rule 35 motion to increase a legal sentence. We have found none.

[¶11] This lack of precedent is remarkable considering the number of jurisdictions that have provisions comparable to W.R.Cr.P. 35. Our rule is similar to the corresponding federal rule, F.R.Cr.P. 35, before that rule was amended in 1987. *See* 3 Charles A. Wright and Sarah N. Welling, *Federal Practice and Procedure* at 587 n.4 (4th ed. 2011). In addition, 35 states and the District of Columbia recognize motions to correct illegal sentences, and 29 states and the District of Columbia allow motions to reduce sentences. Donald E. Wilkes, Jr., *State Postconviction Remedies and Relief Handbook* § 1:7, at 14-

4

15 (2013-2014). We recognize that the various state provisions may be worded differently than our Rule 35. Still, with so many jurisdictions permitting motions to revise previously-imposed sentences, we cannot ignore the complete lack of precedent for granting a motion to increase a legal sentence.

[¶12] In addition, we have consulted a number of treatises and other secondary authorities on post-sentencing relief. All of them contain discussions about correcting or reducing sentences, but none of them include any mention of increasing sentences under circumstances similar to those in Mr. Hamilton's case. For example, it is explained in Arthur W. Campbell, *Law of Sentencing* § 14:1 (2014), that "current practice throughout the country permits sentencing judges to reduce valid sentences in accordance with the jurisdiction's court rules or legislation." To explain the policy underlying this practice, he quoted from *District Attorney for Northern Dist. v. Superior Court*, 172 N.E.2d 245, 250-51 (Mass. 1961):

> Occasions inevitably will occur where a conscientious judge, after reflection or upon receipt of new probation reports or other information, will feel that he has been too harsh or has failed to give due weight to mitigating factors which properly he should have taken into account. In such cases the interests of justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time.

Notably, consistent with these authorities, we have previously indicated that Rule 35 is intended to benefit a convicted defendant in the appropriate case:

> The purpose of Rule 35 "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Patrick v. State*, 2005 WY 32, ¶ 9, 108 P.3d 838, 841 (Wyo. 2005), quoting *Nelson v. State*, 733 P.2d 1034, 1035 (Wyo. 1987). The sentencing judge is in the best position to decide if a sentence modification is appropriate, *Capellen v. State*, 2007 WY 107, ¶ 29, 161 P.3d 1076, 1084 (Wyo. 2007), and is free to accept or reject information submitted in support of a sentence reduction at its discretion. *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo. 2000).

*Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012).

[¶13] In order to place our discussion in proper context it is important to emphasize that, in this case, Mr. Hamilton's conviction and original sentence were final. He did not appeal the original judgment and sentence, and the time for appeal had expired when the State filed its motion to increase the sentence. In such circumstances, a trial court can only exercise jurisdiction "if a specific, express exception conferring jurisdiction is created by a rule or statute." *Neidlinger v. State*, 2010 WY 54, ¶ 9, 230 P.3d 306, 308 (Wyo. 2010). Stated a different way:

> In short, except where there has been a remand following an appeal in a criminal case, or where one of the statutes or rules mentioned above otherwise expressly permits a district court to continue to assert jurisdiction over that criminal case, no authority exists for the court to act in the case – and its jurisdiction over the case should end – once the defendant's conviction has become final because of his exercise or forfeiture of his right to appeal from that conviction.

*Nixon v. State*, 2002 WY 118, ¶ 13, 51 P.3d 851, 854 (Wyo. 2002).

[¶14] One of the express exceptions authorizing a trial court to exercise jurisdiction over a case after the conviction has become final is set forth in W.R.Cr.P. 35. In this case, we are called upon to interpret Rule 35 to determine whether it confers jurisdiction on a trial court to increase a previously-imposed, legal sentence of incarceration. In conducting our analysis, we consider the language of the Rule "as a whole, giving effect to every word, clause, and sentence." *Jones v. State*, 2011 WY 115, ¶ 11, 256 P.3d 536, 541 (Wyo. 2011). The Rule reads as follows:

**Rule 35. Correction or reduction of sentence.**

(a) *Correction*. — The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

(b) *Reduction*. — A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying

6

review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

According to this Rule, the court may "correct, reduce, or modify a sentence." Mr. Hamilton accurately points out that his case does not involve correction or reduction of his sentence, only modification. We must determine what the word "modify" is intended to mean as it is used in Rule 35.

[¶15] Without offering a definition of the term "modify," Mr. Hamilton asserts that it cannot be read to mean "increase" because that would be contrary to the purpose of Rule 35, which, as noted in *Boucher v. State*, is to give the *defendant* a "second bite at the apple."[3] The State also fails to suggest a definition for the term "modify." The State, however, would apparently interpret modify in the broadest sense possible, permitting a sentencing court to modify every aspect of a sentence up or down within one year pursuant to Rule 35.

[¶16] As in every case involving interpretation of a statute or rule, we first consider the plain and ordinary meaning of the words employed. *Busch*, ¶ 13, 196 P.3d at 790. "Modify" can be defined as "To alter; to change in incidental or subordinate features; enlarge, extend; amend; limit, reduce. Such alteration or change may be characterized, in quantitative sense, as either an increase or decrease." Black's Law Dictionary 1004 (6th ed. 1990). Under this definition, a modification could be either an increase or a

---

[3] Mr. Hamilton also contends that the State may not file a Rule 35 motion because Rule 35 is restricted to use by defendants only. We find no support for that position. We have stated that, "When the legislature specifically uses a word in one place, we will not interpret that word into other places where it was not used." *Qwest Corp. v. Public Service Comm'n*, 2007 WY 97, ¶ 25, 161 P.3d 495, 501 (Wyo. 2007) (citing *In re Adoption of Voss*, 550 P.2d 481, 485 (Wyo. 1976)). The same applies when we interpret rules of procedure. *Busch*, ¶ 13, 196 P.3d at 790. Rule 34, which governs arrest of judgment against a defendant, specifically states that the court acts "on motion of a defendant." That language was not put into Rule 35, and nothing in the language of Rule 35 suggests such a restriction. We therefore conclude that the use of Rule 35 is not limited to defendants. The State may file a motion under Rule 35. Indeed, we have encountered other instances in which the State has filed a motion under Rule 35. *See, e.g.*, *Patterson v. State*, 2012 WY 90, ¶ 4, 279 P.3d 535, 536-37 (Wyo. 2012) ("Less than a month later, the State filed a 'Motion for Correction of Sentence' in Mr. Patterson's case."). Furthermore, Rule 35(b) expressly provides that the "court may reduce a sentence without motion." Rule 35(a) provides that the court may correct, reduce, or modify a sentence within the time and in the manner provided in Rule 35(b). Thus, the court may also take action under Rule 35(a) without either party making a motion.

reduction. However, we are unable to conclude that the term "modify" in Rule 35 is used in a quantitative sense. First, we note that use of "modify" in a quantitative sense would render the term "reduce" in Rule 35 redundant and unnecessary, contrary to our rule of statutory interpretation holding that each word of a statute is to be afforded meaning, with none rendered superfluous or meaningless. *Starrett v. State*, 2012 WY 133, ¶ 9, 286 P.3d 1033, 1037 (Wyo. 2012). Second, as we have repeatedly stated, "we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions." *Ball v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 128, ¶ 29, 239 P.3d 621, 629-30 (Wyo. 2010); *see also Stutzman v. Office of the State Eng'r*, 2006 WY 30, ¶ 16, 130 P.3d 470, 475 (Wyo. 2006) ("omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them"). If the drafters of Rule 35 had intended for the Rule to allow a court to impose an increased sentence, they could have done so simply, and more directly, by using the term "increase" in Rule 35. The fact that the drafters did not use the term "increase" strongly indicates that the Rule was not intended to allow a court to increase a previously-imposed, legal sentence. We find it more likely that the drafters intended for the term "modify" to refer to sanctions that do not increase the severity of the defendant's sentence. For example, the court could modify the terms of payment of restitution ordered pursuant to Wyo. Stat. Ann. § 7-9-101 *et seq*.

[¶17] Even if we found that the term "modify" was intended in a quantitative sense, we would be compelled to conclude that allowing a court to increase a previously-imposed, legal sentence is generally contrary to the established principles of double jeopardy.[4] It is well-established that a legal sentence cannot be increased after the defendant has begun to serve it. *Turner v. State*, 624 P.2d 774, 775-76 (Wyo. 1981).[5] Indeed, it has long been recognized that double jeopardy protections are intended to guard against increased punishment for the same crime, regardless of whether the punishment is imposed after a second trial:

---

[4] Article 1, Section 11 of the Wyoming Constitution provides: "nor shall any person be twice put in jeopardy for the same offense." Similarly, as provided in the Fifth Amendment to the United States Constitution: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

[5] We have recognized that where an original sentence is void due to illegality, a court may impose a greater sentence than the one determined to be illegal. *See, e.g., Moronese v. State*, 2012 WY 34, ¶¶ 10-13, 271 P.3d 1011, 1014-15 (Wyo. 2012). The parties do not contend that Mr. Hamilton's initial sentence was illegal, and it is clear that the State's motion in this case was not one to correct an illegal sentence.

If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same [offense]. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory [offense], or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory [offense].

* * *

For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that [offense]? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same [offense] as from being twice tried for it.

*Ex parte Lange*, 85 U.S. 163, 168, 173, 21 L.Ed. 872, 875, 878 (1874).

[¶18] In sum, the plain language of Rule 35 does not specifically provide a district court with authority to increase a previously-imposed, legal sentence. Interpreting the word "modify" to permit such an increase is generally contrary to a defendant's right to be protected from double jeopardy. We conclude that the Rule cannot be interpreted to allow a court to increase a previously-imposed, legal sentence.

[¶19] The State notes that the plea agreement Mr. Hamilton made expressly provided that the State could move under Rule 35(a) to modify his sentence if he did not comply with its terms. Mr. Hamilton understood, and agreed, that this modification would result in an increased sentence. The State maintains that an increased sentence "presents a double jeopardy concern only when a defendant has a reasonable expectation of finality in his original sentence." *Ferguson v. State*, 2013 WY 117, ¶ 16, 309 P.3d 831, 836 (Wyo. 2013). The plea agreement demonstrates that Mr. Hamilton did not have any expectation that his initial sentence was final and, accordingly, the State asserts that the increased sentence did not infringe upon his constitutional rights against double jeopardy.

[¶20] Whether Mr. Hamilton's double jeopardy rights were preserved by the plea agreement in this case, however, is an issue that we must address only if we first determine that the district court had jurisdiction, pursuant to W.R.Cr.P. 35, to increase the original sentence.[6] We have concluded that it did not. Furthermore, the parties could not confer jurisdiction on the district court by their agreement:

> We have long held that parties may not waive jurisdictional defects or consent to subject matter jurisdiction where it otherwise does not exist. . . . *See Weller v. Weller*, 960 P.2d 493, 496 (Wyo. 1998) ("A lack of subject matter jurisdiction constitutes a fundamental defect in a proceeding which cannot be cured by waiver or consent by the parties."); *White v. Bd. of Land Comm'rs*, 595 P.2d 76, 79 (Wyo. 1979) ("Parties cannot confer jurisdiction by consent.").

*Hanson v. Belveal*, 2012 WY 98, ¶ 27, 280 P.3d 1186, 1196 (Wyo. 2012).

[¶21] There are other ways for the parties to fashion a plea agreement that would allow the State and a defendant to benefit from a defendant's cooperation. Under W.R.Cr.P. 32(c)(1), sentences must be imposed without unnecessary delay, "but the court

---

[6] Ultimately, the plea agreement is irrelevant to our interpretation of the Rule. It does, however, illustrate problems with the approach urged by the State. In *Yates v. State*, 792 P.2d 187, 192 (Wyo. 1990), we held that a delay in sentencing in excess of one year, from the date of the defendant's guilt, is presumptively unreasonable. In doing so, we recognized "the possibility that a greater punishment than is deserved" could be imposed because of conduct subsequent to suspension of the imposition of the defendant's sentence. Additionally, we noted the potential for "any vagaries of memory" to "interfere with the imposition of a sentence appropriate to the individual and the crime." *Id.* Similar dangers are presented when a plea agreement attempts to permit the increase of a legal sentence under W.R.Cr.P. 35. This is especially true in cases like the present one, where the plea agreement does not specify the sentence that will be imposed in the event the defendant does not comply with the terms of the agreement.

may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." If the length of a defendant's sentence is dependent on his cooperation with the prosecution in other cases, the district court could accept a plea agreement, but delay the imposition of sentence until the defendant has proven cooperative or uncooperative. Another alternative is suggested by the current version of Rule 35 of the Federal Rules of Criminal Procedure, by which the defendant is initially sentenced to the higher sentence, and the government may move to reduce the sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

[¶22] To summarize, we have concluded that motions under W.R.Cr.P. 35 may seek to correct an illegal sentence or one imposed in an illegal manner, reduce a sentence, or modify any sanction of a sentence other than total confinement so long as the modification does not increase the overall severity of a sentence. W.R.Cr.P. 35 does not give the trial court jurisdiction to increase a previously-imposed, legal sentence. Accordingly, we must vacate Mr. Hamilton's sentence.

[¶23] Having determined that Mr. Hamilton's sentence must be vacated, we must now determine an appropriate remedy. Mr. Hamilton has not challenged the district court's finding that he failed to cooperate with the State as contemplated in the original plea agreement. Our determination that the district court lacked jurisdiction to increase the sentence deprives the State of the agreed upon remedy for Mr. Hamilton's failure to cooperate. As a result, the State has not received the benefit of its bargain under the plea agreement. Under the agreement, all other counts against Mr. Hamilton were dismissed, and he apparently received a shorter sentence in anticipation of his cooperation with the State. As we have previously recognized, "A plea agreement is a contract between the State and a defendant. As such, both parties must adhere to the terms of the contract, and each party is entitled to the benefit of the bargain entered." *Bowlsby v. State*, 2013 WY 72, ¶ 27, 302 P.3d 913, 926 (Wyo. 2013) (quoting *Ford v. State*, 2003 WY 65, ¶ 10, 69 P.3d 407, 410 (Wyo. 2003)). Indeed, we have specifically recognized that "It is axiomatic that, if a defendant fails to comply with a plea agreement, the state is not bound by that agreement." *Schade v. State*, 2002 WY 133, ¶ 8, 53 P.3d 551, 555 (Wyo. 2002). The vacation of Mr. Hamilton's sentence necessarily restores his initial sentence of three to five years for child endangerment and five to eight years on the conspiracy charge, with the terms to be served concurrently. On remand, the State may decide not to disturb that sentence. However, because Mr. Hamilton breached the plea agreement, the State may also choose to void the agreement and reinstate the previously-dismissed charges. The State shall advise the district court and Mr. Hamilton of its decision within thirty days of the issuance of the mandate from this Court.

[¶24] We vacate Mr. Hamilton's sentence and remand for further proceedings consistent

with this opinion.