2010 WY 112

**Robert Julian McCLURE, Jr.,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. S–09–0243.

Supreme Court of Wyoming.

Aug. 5, 2010.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel; Wyoming Public Defender Program. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Craig C. Cook, Student Intern for the Prosecution Assistance Program. Argument by Mr. Cook.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Robert Julian McClure, Jr., appeals from the district court's order denying his motion for new trial based on newly discovered evidence. Finding no error, we affirm.

* Chief Justice at time of oral argument.

## ISSUE

[¶2] McClure's sole issue on appeal is whether the procedural aspects of the hearing on his motion for new trial violated his constitutional or legal rights to be present and to confront witnesses opposing the motion.[1]

## FACTS

[¶3] The underlying facts of McClure's crime are not of any significance to the issue raised in this appeal, so we will not recite them in detail. It suffices to note that, on January 8, 2009, a fifteen-year-old female reported to authorities that McClure had sexually abused her on two occasions. The State ultimately charged McClure with two counts of second degree sexual abuse of a minor under Wyo. Stat. Ann. § 6-2-315(a)(i) (LexisNexis 2009).[2] In June 2009, a jury found McClure guilty on one of the charged offenses and acquitted him on the other charge. The district court sentenced McClure to a term of imprisonment of three to seven years.

[¶4] On July 21, 2009, McClure filed a motion for new trial based on newly discovered evidence. The motion alleged the existence of evidence purportedly showing that the victim, in collusion with her parents, had fabricated the sexual abuse allegations. The district court set the matter for hearing on August 17, 2009.

[¶5] On August 14, the Friday immediately before the hearing, McClure's counsel filed a "Request for Transportation Order," asking the district court to issue an order directing the Wyoming State Penitentiary to transport McClure to Kemmerer for the motion hearing. Based in part on the lateness of the request, the district court declined to issue the transportation order and, instead, opted to allow McClure to participate telephonically in the hearing, which McClure did.

McClure did not object to the district court's ruling or to the procedures employed.

[¶6] During the hearing, the district court heard testimony from seven witnesses, two of whom, including the victim, testified by telephone. No objection was posed to the telephonic testimony of either witness. The district court ultimately concluded that McClure's proffered evidence was inadequate to warrant a new trial and denied his motion. This appeal followed.

## DISCUSSION

[¶7] McClure contends he was denied both his right to be present and his right to confront witnesses against him when the district court held the hearing on his motion for new trial without his physical presence. He also seemingly claims his right of confrontation was abridged when two witnesses were permitted to testify telephonically at the hearing. McClure did not raise these claims before the district court and, consequently, our only avenue of review is under the doctrine of plain error. *Snow v. State*, 2009 WY 117, ¶13, 216 P.3d 505, 509 (Wyo.2009); *Belden v. State*, 2003 WY 89, ¶55, 73 P.3d 1041, 1090 (Wyo.2003); *Fortner v. State*, 932 P.2d 1283, 1286 (Wyo.1997). Under the plain error doctrine, McClure must prove, by reference to the record, the existence of a clear and unequivocal rule of law which was violated in a clear and obvious, not merely arguable, way and resulting prejudice to a substantial right. *Snow*, ¶13, 216 P.3d at 509. We find that McClure has not satisfied his burden.

[¶8] McClure claims the right to be present at the hearing derives from the Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Wyo. Stat. Ann. § 7-11-202 (LexisNexis 2009) and W.R.Cr.P. 43. However, the con-

---

1. McClure does not challenge, in any manner, the correctness of the district court's denial of his motion on the merits.

2. § 6-2-315(a)(i) states:
   (a) Except under circumstances constituting sexual abuse of a minor in the first degree as defined by W.S. 6-2-314, an actor commits the

crime of sexual abuse of a minor in the second degree if:
   (i) Being seventeen (17) years of age or older, the actor inflicts sexual intrusion on a victim who is thirteen (13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor[.]

stitutional provisions requiring a defendant's presence pertain only to proceedings that are a part of, and are critical to the outcome of, the criminal prosecution. *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985); *DeMillard v. State*, 2008 WY 93, ¶¶ 9, 11, 190 P.3d 128, 130 (Wyo.2008); 6 Wayne R. LaFave, et al., *Criminal Procedure* § 24.2(a) (3d ed.2007). McClure has not directed us to any authority that the constitutional right to be present extends to a hearing on a post-trial motion for a new trial. Additionally, the right of presence as set forth in § 7–11–202 and W.R.Cr.P. 43 applies to a defendant's initial appearance, arraignment and plea, every stage of trial, including the impaneling of the jury and the return of the verdict, and imposition of sentence. By their terms, neither provision grants a defendant the right to be present at a hearing on a post-trial proceeding, including a motion for new trial. In short, McClure has not shown that he had a right, constitutional or otherwise, to be physically present at the hearing on his motion for new trial.

■ [¶ 9] Similarly, McClure has not demonstrated that the procedures employed by the district court at the hearing—requiring him to appear by telephone and allowing two witnesses to testify telephonically—abridged his right to confrontation under the Sixth Amendment.[3] The decisions of the United States Supreme Court establish that the right to confrontation is a "trial" right. *See California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489 (1970) (it is the "literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause"); *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 ("[t]he right to confrontation is basically a trial right"); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). From these decisions, it is clear that the confrontation requirements mandated in a criminal trial are not applicable to the post-trial proceeding at issue here.

[¶ 10] In sum, we are unable to conclude that a clear and unequivocal rule of law was transgressed in this instance. Consequently, we cannot find the existence of plain error. Affirmed.

---

**3.** The Sixth Amendment's Confrontation Clause provides: "In all criminal prosecutions, the ac-cused shall enjoy the right ... to be confronted with the witnesses against him...."