2012 WY 151

**Anthony Brett HAYNES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0065.**

Supreme Court of Wyoming.

Nov. 29, 2012.

Representing Appellant: Tina N. Olson, Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; Meri V. Geringer, Senior Assistant Attorney General.

Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.

BURKE, Justice.

[¶ 1] Appellant was adjudicated delinquent in juvenile court. Based on the same incident, he was later convicted on a criminal charge. He asserts that the criminal prosecution violated his constitutional right not to be placed twice in jeopardy. The State concedes error. We agree that Appellant's constitutional rights were violated, and will reverse his criminal conviction.

## ISSUE

[¶ 2] The first issue presented by Appellant is whether his conviction for sexual abuse of a minor in the second degree should be reversed due to violations of the double jeopardy clauses of the United States and Wyoming Constitutions. Because we reverse his conviction based on this issue, we will not address his second issue, a claim of ineffective assistance of counsel in the criminal proceedings.

## FACTS

[¶ 3] The facts are not in dispute. Their primary significance in this appeal is due to the order in which the events occurred. On May 13, 2009, Appellant was charged with first degree sexual abuse of a minor, in violation of Wyo. Stat. Ann. § 6-2-314(a)(i) (LexisNexis 2009), and with second degree sexual abuse of a minor, in violation of Wyo. Stat. Ann. § 6-2-315(a)(ii). He was sixteen years of age at the time, but was charged as an adult. After various preliminary proceedings, including denial of a motion to transfer the case to juvenile court, the district court arraigned him on October 13, 2009. At arraignment, Appellant pled guilty to the charge of second degree sexual abuse of a minor, and the State dismissed the charge of first degree sexual abuse of a minor. The district court deferred its acceptance of the guilty plea and delayed sentencing, in order to accommodate Appellant's participation in a sexual offender treatment program at the Wyoming Boys' School.

[¶ 4] Five months later, on March 23, 2010, the State filed a delinquency petition against Appellant in juvenile court. The act of delinquency alleged was the same act that gave rise to the criminal charge of second degree sexual abuse of a minor. On April 12, 2010, Appellant admitted the allegations of the delinquency petition. The juvenile court adjudicated him a delinquent child, and ordered that he was to remain in the custody of the Wyoming Boys' School.

[¶ 5] On June 1, 2010, nearly two months after the delinquency adjudication, the district court accepted Appellant's guilty plea in the criminal case. It sentenced him to ten to fifteen years incarceration, but suspended that in lieu of eight years of supervised probation. A Judgment and Sentence was entered on June 28, 2010.

[¶ 6] No direct appeals were filed in either the criminal case or the juvenile case. However, on November 22, 2011, Appellant filed a petition for post-conviction relief alleging a violation of the constitutional prohibition against double jeopardy. The district court denied that petition. Appellant petitioned this Court for a writ of certiorari, which we granted, ordering reinstatement of his right to direct appeal. His pursuit of that appeal brings the case before us now.

## STANDARD OF REVIEW

[¶ 7] We generally decline to review nonjurisdictional issues not raised in the original proceedings. *Belden v. State*, 2003 WY 89, ¶ 55, 73 P.3d 1041, 1090 (Wyo.2003). We have previously held, however, that the issue of double jeopardy is jurisdictional because it involves the power of the State to bring the appellant into court, and it may, therefore, be raised at any time. *Taylor v. State*, 2003 WY 97, ¶ 11, 74 P.3d 1236, 1239 (Wyo.2003); *Kitzke v. State*, 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo. 2002). In these circumstances, we apply the plain error standard of review. *Lafond v. State*, 2004 WY 51, ¶ 56, 89 P.3d 324, 340–41 (Wyo.2004). "Even when constitutional error is alleged, each criterion must be satisfied or a claim for review under the plain-error doctrine will fail." *Miller v. State*, 904 P.2d 344, 348 (Wyo. 1995). To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him. *Sanchez v. State*, 2006 WY 12, ¶ 19, 126 P.3d 897, 904 (Wyo.2006).

*Snow v. State*, 2009 WY 117, ¶ 13, 216 P.3d 505, 509 (Wyo.2009).

## DISCUSSION

[¶ 8] The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Article 1, Section 11 of the Wyoming Constitution provides that no person shall "be twice put in jeopardy for the same offense." We have recognized that these two provisions "have the same meaning and are co-extensive in application." *DeLoge v. State*, 2002 WY 155, ¶ 7, 55 P.3d 1233, 1237 (Wyo.2002). Both provide protection against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *James v. State*, 2012 WY 35, ¶ 12, 271 P.3d 1016, 1018 (Wyo.2012); *Cook v. State*, 841 P.2d 1345, 1347 (Wyo.1992).

[¶ 9] Appellant contends, and the State agrees, that double jeopardy protections apply to juvenile proceedings. Both rely on *Breed v. Jones*, 421 U.S. 519, 529, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) which states:

> We believe it is simply too late in the day to conclude ... that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.

We note that this case originated in California, and subsequent changes to California statutes may have superseded the holding of *Breed* as applied to certain stages of juvenile proceedings. *See Barker v. Estelle*, 913 F.2d 1433, 1439 (9th Cir.1990). But because Appellant was adjudicated a delinquent, the basic thrust of *Breed* still applies: "Once a juvenile adjudication is made, double jeopardy attaches to preclude adult criminal prosecution." *Wolf v. State*, 99 Idaho 476, 479, 583 P.2d 1011, 1014 (1978).

[¶ 10] Appellant was adjudicated delinquent on April 12, 2010. Jeopardy attached on that date. Subsequent criminal prosecution and punishment for the same offense were thereafter precluded.

[¶ 11] This conclusion is not altered by the fact that the State brought criminal charges first, and filed the juvenile petition only after Appellant had pled guilty to the criminal charge. Although this Court has never decided the issue, it has been widely

recognized that jeopardy does not attach when the defendant pleads guilty. Rather, "jeopardy normally attaches when the court unconditionally accepts a guilty plea." *United States v. McIntosh,* 580 F.3d 1222, 1227 (11th Cir.2009). *See also, United States v. Patterson,* 406 F.3d 1095, 1096 (9th Cir.2005); *United States v. Aliotta,* 199 F.3d 78, 83 (2d Cir.1999); *United States v. Alt,* 83 F.3d 779, 781 (6th Cir.1996); *United States v. Sanchez,* 609 F.2d 761, 762 (5th Cir.1980); *United States v. Bullock,* 579 F.2d 1116, 1118 (8th Cir.1978); *United States v. Williams,* 534 F.2d 119, 120 (8th Cir.1976); *United States v. Young,* 503 F.2d 1072, 1074 n. 5 (3d Cir. 1974). Applying that rule here, jeopardy did not attach in Appellant's criminal prosecution until the district court accepted his guilty plea on June 1, 2010.[1] Accordingly, Appellant's guilty plea did not preclude subsequent juvenile proceedings, but his adjudication as delinquent did preclude subsequent criminal conviction and punishment for the same offense.

[¶ 12] Our conclusion is also unaltered by the fact that Appellant pled guilty in the criminal proceeding. It is well established that a guilty plea waives all nonjurisdictional defenses. *Sword v. State,* 746 P.2d 423, 425 (Wyo.1987). Jurisdictional defenses are not waived, however, and double jeopardy is a jurisdictional defense. *Davila v. State,* 831 P.2d 204, 205–06 (Wyo.1992). Appellant's guilty plea neither waived his double jeopardy claim nor precluded our review of it.

[¶ 13] Applying the specified standard of review, we conclude that Appellant satisfied all of the requirements necessary to establish plain error. *See Snow,* ¶ 13, 216 P.3d at 509. The record clearly reflects that Appellant was adjudged delinquent, then criminally prosecuted and punished for the same offense. The double jeopardy provisions of our state and federal constitutions provide a clear and unequivocal rule of law prohibiting

that subsequent criminal prosecution and punishment, and this rule of law was clearly and obviously transgressed. The prohibited criminal conviction and punishment adversely affect Appellant's substantial rights and result in material prejudice to him.

[¶ 14] We hereby reverse Appellant's criminal conviction of sexual abuse of a minor in the second degree.

---

1. The State also suggests that the rule for the Tenth Circuit Court of Appeals is that jeopardy does not attach until after the court has entered judgment and sentence against the defendant, citing *United States v. Combs,* 634 F.2d 1295, 1298 (10th Cir.1980). If *Combs* were applied here, jeopardy did not attach until the Judgment and Sentence was entered against Appellant on June 28, 2010, even later than under the apparent majority rule. We do not need to choose between the majority rule and the Tenth Circuit rule, because the result in this case is the same under both.