# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 30

### OCTOBER TERM, A.D. 2015

### March 4, 2016

GREGORY MICHAEL HAWES,

Appellant
(Defendant),

v.                                                          S-15-0185, S-15-0191, S-15-0192

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
    Pro se.

*Representing Appellee:*
    Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General;
    Christyne M. Martens, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Gregory Michael Hawes challenges the district court's denial of his two motions to correct an illegal sentence, and the denial of his motion to have counsel appointed to represent him in this appeal.  We affirm.

## ISSUES

[¶2]    Mr. Hawes presents various arguments as separate issues, but there are two key questions to be answered in this appeal:

> 1.    Did the district court err in denying Mr. Hawes' motions to correct an illegal sentence?
>
> 2.    Did the district court err in denying Mr. Hawes' motion for appointment of counsel to represent him in this appeal?

## FACTS

[¶3]    Mr. Hawes was convicted of kidnapping in violation of Wyo. Stat. Ann. § 6-2-201(a)(ii), (a)(iii), and (d) (LexisNexis 2013) and felony stalking in violation of Wyo. Stat. Ann. § 6-2-506(b) and (e)(iii).  He appealed, and we reversed the stalking conviction but affirmed the kidnapping conviction.  *Hawes v. State*, 2014 WY 127, ¶ 20, 335 P.3d 1073, 1079 (Wyo. 2014) ("*Hawes I*").  We remanded the case to the district court.  Based upon our decision, the district court entered an amended judgment specifying that Mr. Hawes was "**NOT GUILTY** and is acquitted of . . . *Felony Stalking*," but reconfirming that Mr. Hawes was guilty of kidnapping.

[¶4]    The district court also amended the sentencing order.  In the original order, the district court sentenced Mr. Hawes to five to nine years in prison for the stalking charge.  As part of the sentence for the stalking charge, the district court assessed $10.00 for the Judicial Systems Automation fee and $10.00 for the Indigent Civil Legal Services fee as required by Wyo. Stat. Ann. § 6-10-102, a $150.00 surcharge for crime victims under Wyo. Stat. Ann. § 1-40-119, $75.00 for a substance abuse evaluation, and $1,000.00 to the Wyoming Public Defender under Wyo. Stat. Ann. § 7-6-106(c).  In the amended sentence, the district court deleted the prison sentence and the $150.00 victim of crime surcharge for the stalking conviction, and incorporated the remaining fees into the sentence for the kidnapping conviction.

[¶5]    Subsequently, Mr. Hawes filed a motion to correct an illegal sentence, claiming that the amended kidnapping sentence improperly increased his punishment for that crime.  He further asserted that the public defender who had represented him at trial

1

improperly approved the amended sentence. Mr. Hawes also filed a second motion to correct an illegal sentence based on a claim that the jury had been improperly instructed at trial. The district court denied the motions.

[¶6] Mr. Hawes separately appealed the denials of the two motions, giving rise to Docket No. S-15-0185 and Docket No. S-15-0191. He then moved the district court to appoint counsel to represent him in his appeals. The district court denied the motion and Mr. Hawes also appealed that decision, giving rise to Docket No. S-15-0192. We consolidated the three appeals for purposes of briefing and decision.

## *DISCUSSION*

[¶7] Mr. Hawes asserts that his amended kidnapping sentence is illegal for several reasons. First, he contends it is illegal because the district court increased it by imposing fees previously connected to the stalking sentence. Second, he claims the sentence is illegal because the district court lacked authority to amend the kidnapping sentence. Third, he asserts the sentence is illegal because he was not present when it was imposed. Fourth, he claims it is illegal because it was entered with the approval of his original trial counsel, even though the attorney had not been reappointed to represent him after his appeal. Finally, Mr. Hawes attacks his kidnapping conviction and sentence on grounds that the district court had improperly instructed the jury at his trial. We will consider each argument in turn.

[¶8] While sentencing decisions are normally within the discretion of the sentencing court, it may not impose an illegal sentence. *Bird v. State*, 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015). "A sentence is illegal if it violates the constitution or other law." *Id*. (quoting *Endris v. State,* 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010)). The legality of a sentence is a question of law that this Court reviews *de novo*. *Bird*, ¶ 9, 356 P.3d at 267.

[¶9] After Mr. Hawes was convicted of kidnapping and stalking, the district court filed an order providing as follows:

> **IT IS THE SENTENCE OF THE COURT** that Gregory M. Hawes, on Count I [stalking], be incarcerated in an institution designated by the Wyoming State Department of Corrections for a period of not less than five (5) years nor more than nine (9) years. In addition, a ten and no/100 ($10.00) dollar Judicial Systems Automation fee is assessed pursuant to Wyoming Statute § 6-10-102; [a] ten dollar and no/100 ($10.00) . . . Indigent Civil Legal Services Fee is assessed pursuant to Wyoming Statute § 6-10-102; a one hundred fifty ($150.00) dollar surcharge for victims of crime

is assessed pursuant to Wyoming Statute § 1-40-119; a fee of seventy-five and no/100 ($75.00) dollars is assessed for the ASI/ASAM, payable to the Department of Corrections, 700 West 21st Street, Cheyenne, Wyoming 82002, and the reasonable value of the expenses and services provided by appointed counsel pursuant to Wyoming Statute § 7-6-106(c) is two thousand one hundred ($2,100.00) dollars of which all but one thousand ($1,000.00) is suspended. Against the sentence of incarceration the Defendant shall be given credit for two hundred seventy seven (277) days of pre-sentence confinement served in this case.

> **IT IS THE SENTENCE OF THE COURT** that Gregory M. Hawes, on Count II [kidnapping], be incarcerated in an institution designated by the Wyoming State Department of Corrections for a period of not less than thirty (30) years nor more than Life. In addition, a one hundred fifty ($150.00) dollar surcharge for victims of crime is assessed pursuant to Wyoming Statute § 1-40-119. Against the sentence of incarceration the Defendant shall be given credit for two hundred seventy seven (277) days pre-sentence confinement served in this case. This sentence shall run consecutive to Count I.

[¶10] On appeal, we affirmed the kidnapping conviction but reversed the stalking conviction. *Hawes*, ¶ 20, 335 P.3d at 1079. When the case was remanded, the district court entered an amended judgment stating that Appellant was guilty of kidnapping but acquitted on the stalking charge. It entered an amended sentence stating:

> **IT IS THE SENTENCE OF THE COURT** that Gregory M. Hawes, on Count II [kidnapping], be incarcerated in an institution designated by the Wyoming State Department of Corrections for a period of not less than thirty (30) years nor more than Life. In addition, a ten and no/100 ($10.00) dollar Judicial Systems Automation fee is assessed pursuant to Wyoming Statute § 6-10-102; [a] ten dollar and no/100 ($10.00) . . . Indigent Civil Legal Services Fee is assessed pursuant to Wyoming Statute § 6-10-102; a one hundred fifty ($150.00) dollar surcharge for victims of crime is assessed pursuant to Wyoming Statute § 1-40-119; a fee of seventy-five and no/100 ($75.00) dollars is assessed for the ASI/ASAM, payable to the Department of Corrections, 700 West 21st Street, Cheyenne, Wyoming 82002, and the

reasonable value of the expenses and services provided by appointed counsel pursuant to Wyoming Statute § 7-6-106(c) is two thousand one hundred ($2,100.00) dollars of which all but one thousand ($1,000.00) is suspended. Against the sentence of incarceration the Defendant shall be given credit for 277 (two hundred seventy seven) days pre-sentence confinement served in this case.

[¶11] As shown by the quoted text, in the original sentence, the district court imposed fees for court automation, indigent civil legal services, substance abuse assessment, and the value and expenses of appointed counsel as part of the sentence for the stalking conviction. In the amended sentence, these fees were imposed as part of the sentence for the kidnapping conviction. Mr. Hawes asserts that this increased his sentence for kidnapping in violation of his constitutional protections against double jeopardy.[1]

[¶12] This argument was not presented to the district court, and we generally do not consider arguments presented for the first time on appeal. However, an exception applies if the issue is fundamental in nature. *Silva v. State*, 2014 WY 155, ¶ 9, 338 P.3d 934, 936 (Wyo. 2014). "A claim of double jeopardy is fundamental." *Duffy v. State*, 789 P.2d 821, 840 n.11 (Wyo. 1990). "The fundamental nature of the guarantee against double jeopardy can hardly be doubted." *Eatherton v. State*, 810 P.2d 93, 111 (Wyo. 1991) (quoting *Benton v. Maryland*, 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969)). Because the double jeopardy issue presented by Mr. Hawes is fundamental in nature, we will consider the claim even though it was not raised below.

[¶13] In *Haynes v. State*, 2012 WY 151, ¶ 8, 288 P.3d 1225, 1227 (Wyo. 2012), we explained:

> The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Article 1, Section 11 of the Wyoming Constitution provides that no person shall "be twice put in jeopardy for the same offense." We have recognized that these two provisions "have the same meaning and are co-extensive in application."

---

[1] In the district court, Mr. Hawes asserted that his sentence was increased in violation of his constitutional protections against *ex post facto* laws. He repeats that assertion on appeal. However, an *ex post facto* law is "any statute . . . which makes more burdensome the punishment for a crime, after its commission." *Smith v. State*, 2009 WY 2, ¶ 55, 199 P.3d 1052, 1068 (Wyo. 2009) (quoting *Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977)). The amended kidnapping sentence that Mr. Hawes challenges is not a statute and, accordingly, it is not an improper *ex post facto* law.

> *DeLoge v. State*, 2002 WY 155, ¶ 7, 55 P.3d 1233, 1237 (Wyo. 2002). Both provide protection against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *James v. State*, 2012 WY 35, ¶ 12, 271 P.3d 1016, 1018 (Wyo. 2012) [*overruled on other grounds by Sweets v. State*, 2013 WY 98, ¶ 50, 307 P.3d 860, 876 (Wyo. 2013)]; *Cook v. State*, 841 P.2d 1345, 1347 (Wyo. 1992).

Because of the protection against multiple punishments for the same offense, courts are generally prohibited from increasing a previously-imposed legal sentence. *Hamilton v. State*, 2015 WY 39, ¶ 17, 344 P.3d 275, 282 (Wyo. 2015). "It is well-established that a legal sentence cannot be increased after the defendant has begun to serve it." *Id*. (citing *Turner v. State*, 624 P.2d 774, 775-76 (Wyo. 1981)). It is undisputed that Mr. Hawes' original kidnapping sentence was legal and that he had begun to serve it. Accordingly, we must determine if the amended sentence increased the previously imposed sentence.

[¶14] We note at the outset that, when both sentences are viewed in their entirety, Mr. Hawes has received a reduced sentence. His prison sentence for stalking has been eliminated and the prison sentence for kidnapping remains as it was. All of the fees and assessments challenged by Mr. Hawes were included in the original sentence.[2] Mr. Hawes contends, however, that we should confine our analysis to the kidnapping sentence only. He correctly points out that, in the original sentence, all of the fees were included as part of the stalking sentence. He contends that the district court erred by including those fees in the amended sentence for kidnapping. We do not agree.

[¶15] All of the fees imposed upon Mr. Hawes' conviction are mandated by statute. All of the statutes indicate that the fees are imposed as a result of being convicted in a criminal case, not as part of the sentence for any particular crime. Wyo. Stat. Ann. § 6-10-102 commands that the courts "shall impose a court automation fee of ten dollars ($10.00) in *every criminal case* wherein the defendant is found guilty," and that the courts "shall impose an indigent civil legal services fee of ten dollars ($10.00) in *every criminal case* wherein the defendant is found guilty." (Emphasis added.) Similarly, Wyo. Stat. Ann. § 7-6-106(c) requires that, in "*every case* in which a person has received services [from the Wyoming Public Defender's Office], the [court] shall determine

---

[2] Fees like those at issue here constitute punishment for purposes of double jeopardy analysis. *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); *United States v. Cesare*, 581 F.3d 206, 207-08 (3d Cir. 2009); *United States v. Grimes*, 702 F.3d 460, 469 (8th Cir. 2012); *United States v. Decarlo*, 434 F.3d 447, 456-57 (6th Cir. 2006).

whether the person . . . is able to provide any funds towards payment of part or all of the cost associated with such services," and if so, "the court shall order the person . . . to reimburse the state for all or part of the costs of the services provided." (Emphasis added.) Finally, Wyo. Stat. Ann. § 7-13-1302 requires that all persons convicted of a felony undergo a substance abuse assessment and that "[t]he cost of the substance abuse assessment shall be assessed to and paid by the offender." (Emphasis added.)

[¶16] In light of the statutory mandates, it was unnecessary for the district court to attach the fees to the stalking charge in the initial sentence. The statutes envision that sentencing courts in Wyoming impose the mandated fees separately as part of the overall sentence, rather than as part of the sentence for an individual charge.[3] Although that did not occur in Mr. Hawes' case, it is clear that the fees were imposed because he had been found guilty in a criminal case, not because he was convicted of any particular crime. This is not a case in which the court failed to impose the fees in the original sentence, but added them into the amended sentence. Instead, this is a case in which the statutorily-mandated fees were imposed in both sentences. There was no increase in punishment and no violation of Mr. Hawes' double jeopardy protections.

[¶17] In his second claim, Mr. Hawes contends that, on remand, the district court was only authorized to vacate his stalking conviction and sentence, and lacked authority to amend his kidnapping sentence. We have previously explained that, on remand, a district court has authority to address "only those issues expressly directed by the mandate and such previously undecided collateral questions as are necessary to reach a decision on the mandated issues." *Jones v. State*, 2002 WY 35, ¶ 14, 41 P.3d 1247, 1253 (Wyo. 2002) (quoting *Simonds v. State*, 799 P.2d 1210, 1215 (Wyo. 1990)). As discussed above, however, the amended sentence was consistent with the district court's original sentence. The statutory assessments were imposed because Mr. Hawes had been convicted of a crime. On remand, he still was convicted of a crime. The district court did not change the original sentence, but merely reconfirmed that the statutorily-mandated fees remained part of Mr. Hawes' sentence. This action was consistent with our mandate in *Hawes I*.

[¶18] Mr. Hawes also claims that he was entitled to be present when the amended sentence was imposed. He relies on W.R.Cr.P. 43(a), which provides that a "defendant shall be present . . . at the imposition of sentence." However, the right to be present does not extend to post-trial proceedings that are not critical to the outcome of the criminal prosecution. *McClure v. State*, 2010 WY 112, ¶ 8, 236 P.3d 1019, 1021-22 (Wyo. 2010).

---

[3] In fact, that is what the district court did in this case in its oral pronouncement of Mr. Hawes' sentence. It imposed incarceration for each of the two crimes, then separately imposed the fees. Because an "unambiguous oral sentence controls over a written judgment and sentence that conflicts with the court's oral pronouncement," *Cubba v. State*, 2009 WY 87, ¶ 9, 210 P.3d 1086, 1088 (Wyo. 2009), we could have decided this issue based solely on the oral sentence. However, neither party addressed this point.

The district court's action at issue here was essentially ministerial, and required by our decision in *Hawes I*. It cannot be considered critical to the outcome of the case. Accordingly, Mr. Hawes' presence was not required.

[¶19] Mr. Hawes further asserts that his defense counsel improperly approved the amended sentence. The public defender who approved the order as to form was the same attorney who had represented Mr. Hawes at trial. On appeal, the case had been reassigned to appellate counsel from the Public Defender's office. Mr. Hawes contends that the public defender was not reappointed to represent him on remand, and so lacked authority to approve of the amended sentence. Perhaps, on remand, it would have been appropriate for the district court to enter an order of reappointment. However, Mr. Hawes has failed to establish any prejudice resulting from the failure to enter such an order. As we have already determined, the attorney merely approved as to form an order that was consistent with our mandate.

[¶20] Mr. Hawes also contends his sentence is illegal because the district court improperly instructed the jury at his trial. At its core, this claim is not a challenge to his sentence, but an attack on the underlying conviction. It is well established that a "motion to correct an illegal sentence is not available for an attack on the validity of a conviction." *Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002). "Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion." *Id*. (citing *State v. Meier*, 440 N.W.2d 700, 703 (N.D. 1989)). *See also Hagen v. State*, 2014 WY 141, ¶ 10, 336 P.3d 1219, 1222 (Wyo. 2014); *Lunden v. State*, 2013 WY 35, ¶ 11, 297 P.3d 121, 124 (Wyo. 2013). We must decline to consider this contention.

[¶21] We turn now to Mr. Hawes' claim that the district court erred when it denied his motion to have counsel appointed for him in this appeal. The right to appointed counsel extends from the person's first appearance in court through the direct appeal, and to all "critical stages" of a criminal proceeding in which an accused person's substantial rights may be affected. *Gould v. State*, 2006 WY 157, ¶¶ 30, 31, 151 P.3d 261, 269 (Wyo. 2006). A motion to correct an illegal sentence is not a critical stage of a criminal case and, accordingly, there is no requirement that counsel be appointed to represent a defendant on such a motion. *Id*., ¶¶ 31, 32, 151 P.3d at 269. It follows that an appeal of the denial of a motion to correct an illegal sentence is not a critical stage, and Mr. Hawes does not have the right to be represented by appointed counsel in this appeal. In fact, in his brief, Mr. Hawes acknowledges that there is "no obligation to appoint counsel after direct appeal."

[¶22] Because there was no requirement to appoint counsel for Mr. Hawes, the decision was made at the discretion of the district court.

Pursuant to Wyo. Stat. Ann. § 7-6-104 (LexisNexis 2005), the district court has discretion as to whether or not to appoint counsel at non-critical stages of a criminal proceeding, and our review of a denial of a request for appointment of counsel is limited to determining whether or not the district court abused its discretion. *See, Patrick v. State*, 2005 WY 32, ¶ 16, 108 P.3d 838, 843-44 (Wyo. 2005). The abuse-of-discretion standard of review examines the reasonableness of the trial court's choice. *Lacey v. State*, 2003 WY 148, ¶ 7, 79 P.3d 493, 495 (Wyo. 2003); *Griswold v. State*, 2001 WY 14, ¶ 7, 17 P.3d 728, 731 (Wyo. 2001).

*Gould*, ¶ 8, 151 P.3d at 264-65.

[¶23] Mr. Hawes asserts that it would have been appropriate to appoint counsel for him because he has no training in the law, and because he is on medication for severe depression that makes it difficult to focus on his appeal issues. In his district court motion for the appointment of counsel, Mr. Hawes did not mention his medication or depression. Accordingly, the district court did not abuse its discretion by not considering those factors. Given the nature of the issues presented, we find no abuse of discretion in the district court's decision to deny the motion for appointment of appellate counsel.

[¶24] Affirmed.