# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 68

APRIL TERM, A.D. 2016

June 30, 2016

STEVEN R. BARELA,

Appellant
(Defendant),

v.

S-15-0280

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*
> Pro se.


*Representing Appellee:*
> Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]  Appellant, Steven R. Barela, challenges the district court's denial of his motion to correct an illegal sentence under W.R.Cr.P. 35(a).  We affirm.

### ISSUE

[¶2]  Appellant presents several issues, which we combine and restate as follows:

> Did the district court err in denying Appellant's motion to correct an illegal sentence?

### FACTS

[¶3]  In 1995, Appellant pled guilty to second-degree murder for killing his wife.  He did not pursue a direct appeal from his conviction.  However, in April 1996, Appellant filed a petition for modification of his sentence based on a claim that the district court had not considered that he had experienced a serious head injury when he was an infant.  The district court denied the petition.  We affirmed that decision in *Barela v. State*, 936 P.2d 66 (Wyo. 1997).  In 1999, Appellant filed a petition for post-conviction relief, claiming that: (1) his guilty plea was not supported by a proper factual basis; (2) his in-custody confession and consent to a search were involuntary; (3) the district court exceeded its authority in imposing restitution; and (4) his trial counsel was ineffective.  The district court dismissed the petition, and we dismissed Appellant's subsequent appeal.  In 2000, five years after his conviction, Appellant filed a motion to withdraw his guilty plea based on ineffective assistance of counsel.  The district court denied the motion.  We dismissed the appeal after concluding that the district court did not have jurisdiction to consider Appellant's motion because the time for taking a direct appeal from the court's judgment and sentence had expired.  *Barela v. State*, 2002 WY 143, 55 P.3d 11 (Wyo. 2002).

[¶4]  The present case was initiated in August 2015, when Appellant, acting *pro se*, filed a "Motion For: Writ of Habeas Corpus, Withdrawal of Plea, and/or Correction/Reduction of an Illegal Sentence."  The district court denied the motion.  With respect to Appellant's motion for writ of *habeas corpus*, the court concluded that Appellant's claims of error were not cognizable in a *habeas corpus* proceeding because he did not challenge the trial court's jurisdiction to convict and sentence him.  With respect to the motion to correct illegal sentence, the court concluded that Appellant "gives no specific grounds for his contention that this sentence is illegal."  The court noted that Appellant claimed that his sentence was illegal because the court failed to provide a firearms disqualification advisement at the time of sentencing, in 1995.  However, because the advisement statute, Wyo. Stat. Ann. § 7-11-507, was not enacted until 2009, the court noted that it was inapplicable to Appellant's case.  Finally, the court

1

concluded that Appellant's sentence of 28 years to life was permitted under Wyo. Stat. Ann. § 6-2-104. This appeal followed.

[¶5]   In December 2015, Appellant filed a motion to proceed *in forma pauperis* in this appeal. We denied the motion due to the fact that Appellant was already proceeding *in forma pauperis* per the district court's order. Additionally, we clarified that the only matter properly before this Court was the denial of Appellant's motion to correct an illegal sentence:

> To the extent Appellant seeks habeas corpus relief, this appeal is improper. "It is the settled rule in this jurisdiction that there is no appeal from the disallowance of a writ of habeas corpus by a district court. The proper remedy is an application for such a writ to this court." *Foster v. Warden of Wyoming State Penitentiary*, 489 P.2d 1166, 1166 (Wyo. 1971). To the extent Appellant seeks to challenge the denial of his post-sentence motion to withdraw guilty plea, this Court is without jurisdiction to consider this matter. This Court made that clear in an earlier appeal involving Appellant:
>
>> In the instant case, appellant filed his Motion to Withdraw Guilty Plea over five years after the entry of his plea and over five years after his sentence was imposed. Pursuant to *Nixon* [*v. State*, 2002 WY 118, 51 P.3d 851 (Wyo. 2002)], appellant's criminal case became final for purposes of the motion to withdraw his guilty plea at the expiration of the time for taking a direct appeal from the district court's judgment and sentence. Accordingly, the district court was without jurisdiction to consider the motion to withdraw appellant's guilty plea and, because this Court has no greater jurisdiction than that of the district court in these matters, we dismiss this appeal for lack of subject matter jurisdiction.
>
> *Barela v. State*, 2002 WY 143, ¶ 9, 55 P.3d 11, 13 (Wyo. 2002). Finally, Appellant's motion for sentence reduction is clearly untimely under W.R.Cr.P. 35(b). The only matter properly before the Court is the denial of Appellant's motion to correct illegal sentence under W.R.Cr.P. 35(a).

## STANDARD OF REVIEW

[¶6]   We apply the following standard of review to claims that a criminal sentence is illegal:

> Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo. 2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo. 2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo. Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007).

*Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010) (quoting *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898-99 (Wyo. 2009)).

## DISCUSSION

[¶7]   As indicated above, the only issue before us in this appeal is the denial of Appellant's motion to correct illegal sentence. Appellant presents several claims in support of his contention that his sentence is illegal. First, he asserts that he is serving an illegal sentence because the Department of Corrections requires inmates to pay for personal items such as clothing and medication. Second, he claims his sentence is illegal because he was assessed a $50.00 surcharge for the Crime Victim's Compensation Fund under Wyo. Stat. Ann. § 1-40-119. Third, Appellant claims his sentence is illegal due to repeal of the Wyoming Work Release Act, Wyo. Stat. Ann. § 7-16-301, in 2014. He contends the repeal violates the prohibition against enactment of *ex post facto* laws. Fourth, he claims his sentence is illegal because the Attorney General and the Department of Corrections determined that he was serving a "life" sentence and, consequently, concluded that he was ineligible for placement in an adult community corrections facility pursuant to Wyo. Stat. Ann. § 7-18-102(a)(iii)(C). Appellant contends that the Board of Parole has no intention of ever paroling him. Fifth, Appellant claims his sentence is illegal because he was not advised of his right to appeal at the time of sentencing.[1]

---

[1] Appellant does not claim, as he did in his motion to the district court, that his sentence is illegal due to the sentencing court's failure to provide a firearms disqualification advisement. We have held that claims relating to the failure to give the firearms disqualification advisement required by Wyo. Stat. Ann. § 7-11-507 are not appropriate in a motion to correct an illegal sentence because the statute concerns a judgment of conviction and not a sentence. *Lunden v. State*, 2013 WY 35, ¶ 11, 297 P.3d 121, 124 (Wyo. 2013).

Finally, Appellant contends he was improperly denied counsel in the proceedings before the district court.

[¶8]    An illegal sentence is defined as "'one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law.'" *Hagen v. State*, 2014 WY 141, ¶ 10, 336 P.3d 1219, 1222 (Wyo. 2014) (quoting *Gee v. State*, 2014 WY 9, ¶ 7, 317 P.3d 581, 583 (Wyo. 2014)).  None of the claims made by Appellant is properly pursued in a motion to correct an illegal sentence. We recently addressed claims similar to Appellant's in *Pfeil v. State*, 2014 WY 137, 336 P.3d 1206 (Wyo. 2014).  In that case, the appellant contended his sentence was illegal under Rule 35(a) because of the manner it was being administered by the Department of Corrections and the Board of Parole.  In particular, the appellant faulted the BOP for denying his requests for good time credit, parole, and a recommendation to the governor that he be given a commutation.  He also attempted to challenge the DOC's garnishment of his prison account to pay fines and costs and for implementing policies requiring inmates to pay for various personal items.  We concluded the appellant's claims were not properly brought in a motion to correct illegal sentence:

> None of Mr. Pfeil's complaints pertain to the validity of the underlying sentence. Instead, he bootstraps his complaints over how his sentence is being administered into an argument that the BOP and DOC have effectively altered his sentence to the extent it is now illegal. Rule 35 addresses only sentences which are illegal in fact, not sentences which inmates claim are being executed illegally by the State. *See, e.g., Gould v. State*, 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo. 2006). It does not, therefore, provide an avenue to Mr. Pfeil for relief from the BOP's and DOC's actions.
>
>  . . . As we pointed out in *Gould*, ¶ 26, 151 P.3d at 268, there are other legal means for challenging a State's actions in administering a sentence. The DOC has a grievance procedure for inmates to contest decisions made by prison personnel, and the record demonstrates that Mr. Pfeil is aware of the process and has availed himself of it. In addition, if he believes the DOC or BOP rules or regulations are improper or are not being followed, there are other ways to challenge those actions. In some cases, a civil rights action under 42 U.S.C. § 1983 or a petition for writ of habeas corpus may be available. *See id.,* citing *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (§ 1983 action); *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967) and *Thompson*

*v. Bannan*, 298 F.2d 611 (6th Cir. 1962) (habeas corpus petitions). A declaratory judgment action may also be available to challenge the DOC and/or BOP policies and procedures. *See, e.g., Merchant v. State of Wyo., Dep't of Corrections*, 2007 WY 159, 168 P.3d 856 (Wyo. 2007) (independent civil action against the DOC and BOP for failure to award special good time credit); *Cosco v. Lampert*, 2010 WY 52, 229 P.3d 962 (Wyo. 2010) (independent civil action against DOC for wrongful deprivation of personal property under the prison's regulations).

*Pfeil*, ¶¶ 24-25, 336 P.3d at 1213-14.

[¶9]    In the present case, Appellant's first and second claims are identical to the claims that we determined, in *Pfeil*, were not properly asserted in a motion to correct illegal sentence. Appellant's claims pertain to how his sentence has been administered by the Department of Corrections and the Board of Parole rather than the legality of his underlying sentence. Accordingly, Rule 35 does not provide an avenue of relief for Appellant.

[¶10] With respect to his third claim of error, Appellant presents no cogent argument or authority in support of his contention that repeal of the Wyoming Work Release Act violates protections against *ex post facto* laws. His third and fourth claims, relating to his inability to participate in a work release or community corrections program, also challenge the manner in which his sentence is being executed. They do not present a challenge to the underlying sentence.

[¶11] Appellant's fifth claim of error fails for the same reason. Appellant's claim that the district court failed to advise him of his right to appeal pursuant to W.R.Cr.P. 32 is not properly asserted in a motion to correct an illegal sentence.[2] As the United States Supreme Court has held, in a case where the defendant claimed his sentence was illegal due to the trial court's failure to ask the defendant at sentencing if he wished to make a statement on his behalf, the "narrow function" of a motion to correct an illegal sentence "is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (emphasis in original). We find no error in the district court's decision to deny Appellant's motion to

---

[2] At the time of Appellant's sentencing, W.R.Cr.P. 32 did not require the court to advise a defendant who had entered a guilty plea of the right to an appeal. That requirement was added when the Rule was amended in 2014.

correct illegal sentence.

[¶12]   Finally, Appellant contends the district court erred in failing to appoint counsel to represent him in the proceedings below.  The right to appointed counsel extends from a person's first appearance in court through the direct appeal, and to all "critical stages" of a criminal proceeding in which an accused person's substantial rights may be affected. *Hawes v. State*, 2016 WY 30, ¶ 21, 368 P.3d 879, 886 (Wyo. 2016) (citing *Gould*, ¶¶ 30-31, 151 P.3d at 269).  A motion to correct an illegal sentence is not a critical stage of a criminal case and there is no requirement that counsel be appointed to represent a defendant on such a motion.  *Hawes*, ¶ 21, 368 P.3d at 886.  Because there was no requirement to appoint counsel, the decision was made at the discretion of the district court.  *Id.*, ¶ 22, 368 P.3d at 886.  Appellant does not present any argument on this issue beyond the assertion that he was denied his right to assistance of counsel.  Accordingly, we find no basis on which to conclude the district court abused its discretion.

[¶13]   Affirmed.