# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 95A

*October Term, A.D. 2016*

**October 11, 2016**

RONALD DALE ANDERSON,

Appellant
(Defendant),

v.                                                        S-16-0156

THE STATE OF WYOMING,

Appellee
(Plaintiff).

## ORDER *NUNC PRO TUNC* AFFIRMING THE DISTRICT COURT'S JUDGMENT AND SENTENCE

[¶1]    **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court. Pursuant to a plea agreement, Appellant entered unconditional guilty pleas to two counts of sexual abuse of a minor in the third degree. Wyo. Stat. Ann. § 6-2-316(a). The district court imposed sentences of 10 to 15 years on each count, with the sentences ordered to be served concurrently. Appellant filed this appeal to challenge the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence."

[¶2]    On August 2, 2016, Appellant's court-appointed appellate counsel e-filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The next day, this Court entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief." This Court ordered that, on or before September 16, 2016, Appellant "may file with this Court a *pro se* brief specifying the issues he would like this Court to consider in this appeal." This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw and, if appropriate, make a final

decision on this appeal." This Court notes that Appellant has not filed a *pro se* brief or other pleading in the time allotted.

[¶3]   Now, following a careful review of the record and the "*Anders* brief" submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence" should be affirmed. In doing so, this Court finds that counsel has not provided sufficient indicia that counsel thoroughly searched the record and the law in service of the client so that this Court might confidently consider only those objections mentioned in the *Anders* brief. *United States v. Marvin*, 211 F.3d 778, 781 (3rd Cir. 2000). This Court notes that, at page 5 of the *Anders* brief, appellate counsel indicates that she "was unable to identify any error which she could, in good-faith, assert as prejudicial given the particular facts in this case." However, counsel does not identify any potential errors or issues, other than those her client has complained of. Simply dismissing any potential error as non-prejudicial does not satisfy counsel's obligation to "refer[] to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Nevertheless, this Court finds this case is not so complicated as to require further briefing.

[¶4]   Also, this Court finds it should order the correction of clerical errors. The "Amended Felony Information," "Judgment Upon Plea of Guilty," and the "Sentence" all incorrectly state that Appellant pled guilty to two counts of sexual abuse of a minor in the third degree pursuant to Wyo. Stat. Ann. § 6-2-316(a)(iv). However, the count related to victim BC was actually brought pursuant to Wyo. Stat. Ann. § 6-2-316(a)(i), as reflected in the transcript from the change of plea hearing. (Record on Appeal, p. 123 at pgs. 22-30) This Court finds that, pursuant to W.R.Cr.P. 36, these errors should be corrected. It is, therefore,

[¶5]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant, Ronald Dale Anderson, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶6]   **ORDERED** that the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence" be, and the same hereby are, affirmed; and it is further

[¶7]   **ORDERED** that this matter is remanded to the district court for correction of the clerical errors noted in paragraph four of this order; and it is further

[¶ 8]   **ORDERED** that this *nunc pro tunc* order replaces this Court's September 28, 2016, "Order Affirming the District Court's Judgment and Sentence" and that earlier order is of no further effect.

[¶9]   **DATED** this 11th day of October, 2016.

                                                      **BY THE COURT:**

                                                      /s/

                                                      **E. JAMES BURKE**
                                                      **Chief Justice**