# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 95A-2

*October Term, A.D. 2016*

**November 23, 2016**

RONALD DALE ANDERSON,

Appellant
(Defendant),

v.                                                                S-16-0156

THE STATE OF WYOMING,

Appellee
(Plaintiff).

### SECOND ORDER *NUNC PRO TUNC* AFFIRMING THE DISTRICT COURT'S JUDGMENT AND SENTENCE

[¶1]    **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court. Pursuant to a plea agreement, Appellant entered unconditional guilty pleas to two counts of sexual abuse of a minor in the third degree. Wyo. Stat. Ann. § 6-2-316(a). The district court imposed sentences of 10 to 15 years on each count, with the sentences ordered to be served concurrently. Appellant filed this appeal to challenge the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence."

[¶2]    On August 2, 2016, Appellant's court-appointed appellate counsel e-filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The next day, this Court entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief." This Court ordered that, on or before September 16, 2016, Appellant "may file with this Court a *pro se* brief specifying the issues he would like this Court to consider in this appeal." This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw and, if appropriate, make a final decision on this appeal." This Court notes that Appellant has not filed a *pro se* brief or other pleading in the time allotted.

[¶3]    Now, following a careful review of the record and the "*Anders* brief" submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence" should be affirmed.  In doing so, this Court finds that counsel has not provided sufficient indicia that counsel thoroughly searched the record and the law in service of the client so that this Court might confidently consider only those objections mentioned in the *Anders* brief.  *United States v. Marvin*, 211 F.3d 778, 781 (3rd Cir. 2000).  This Court notes that, at page 5 of the *Anders* brief, appellate counsel indicates that she "was unable to identify any error which she could, in good-faith, assert as prejudicial given the particular facts in this case."  However, counsel does not identify any potential errors or issues, other than those her client has complained of.  Simply dismissing any potential error as non-prejudicial does not satisfy counsel's obligation to "refer[] to anything in the record that might arguably support the appeal."  *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  Nevertheless, this Court finds this case is not so complicated as to require further briefing.  It is, therefore,

[¶4]    **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant, Ronald Dale Anderson, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶5]    **ORDERED** that the district court's February 9, 2016, "Judgment Upon Plea of Guilty" and its May 16, 2016, "Sentence" be, and the same hereby are, affirmed; and it is further

[¶6]    **ORDERED** that this second *nunc pro tunc* order replaces this Court's October 11, 2016, "Order *Nunc Pro Tunc* Affirming the District Court's Judgment and Sentence" and that earlier order is of no further effect.

[¶7]    **DATED** this 23rd day of November, 2016.

**BY THE COURT:***

/s/

**E. JAMES BURKE**
**Chief Justice**

*This order represents the second amended order in this matter.  Thus, the Court has assigned to this order the universal citation number of 2016 WY 95A-2.  The earlier orders entered in this matter (2016 WY 95 and 2016 WY 95A) are of no further force or effect.